G. H. WADLEIGH

74  483|
85  417|

*vs.*

ROSCOE G. JORDAN, and DAVID N. JORDAN, Trustee.

Cumberland.    Opinion February 24, 1883.

*Trustee process.    Statute of limitations.    Executors and administrators.*

It is not sufficient to entitle an executor, summoned as trustee of a legatee· named in the will of his testator, to be discharged, that he has a promissory note greater in amount than the legacy payable to himself, and signed by the principal defendant in the trustee suit as principal and by the testator as surety, when the note was barred by the statute of limitations, as against both the promisors before the death of the testator, and the testator has· never paid anything as surety for the legatee therefor.

The executor cannot of his own motion revive the promise to himself against· the estate of the testator, nor has he under such circumstances anything that would avail him as a defence to the demand of the legatee for the legacy, or that can defeat the attachment of it in his hands by the creditor of the legatee.

ON EXCEPTIONS from superior court.

The question presented to the court by the disclosure of the· trustee is shown by the following facts: May 15, 1871, the principal defendant and the testator as surety by their promissory note of that date promised to pay the trustee or order on demand one hundred and fifty dollars with interest at nine per cent. And afterwards the principal defendant made to the trustee these pay-· ments upon the note, May 15, 1873, .twenty-five dollars, and March 29, 1875, five dollars. Testator died August 4, 1881, the trustee was appointed executor of the will by the terms of· which the principal defendant was entitled to a legacy of two· hundred and fifty dollars.

The presiding justice charged the trustee and to this ruling he alleged exceptions.

*Nathan W. Harris and Henry W. Oakes,* for the plaintiff, cited: *Call* v. *Chapman,* 25 Maine, 128; R. S., c. 86, § 36;

R. S., c. 82, § 56; *Adams, Adm'r,* v. *Ware,* 33 Maine, 228 Waterman on Set-off, pp. 104, 74, 75; *Ingalls* v. *Dennett,* 6 Maine, 79; *Clark* v. *Foxcroft,* 7 Maine, 348; *Houghton* v. *Houghton,* 37 Maine, 72; *Robinson* v. *Safford,* 57 Maine, 163; 2 Chitty on Contracts, (11 Am. ed.) 1276; *Huges* v. *Little-field,* 18 Maine, 400; *Rice* v. *Cook,* 71 Maine, 559; Maine Probate Practice, Waterman's Edition, 107; *Rogers* v. *Rogers,* 3 Wend. 503; *Richmond, Adm'r, Petitioner,* 2 Pick. 567.

*T. H. Haskell,* for the trustee.

The trustee knows the note is honestly due and unpaid. If it had been held by another he would be justified in not inter-posing the statute as a defence and his promise to pay the same would renew it against the estate in his hands. *Emerson* v. *Thompson,* 16 Mass. 428; *Manson* v. *Felton,* 13 Pick. 207; *Oaks* v. *Mitchell,* 15 Maine, 360.

In this proceeding the equitable rights of the parties may be determined. *Exchange Bank* v. *McLoon,* 73 Maine, 511.

Two cases which fully consider this question expressly hold that an executor may retain his own debt against the estate in his hands, although it was barred by the statute during the life-time of the testator. *Hill* v. *Walker,* 4 Kay and Johnson, 166; *Staklochmidt* v. *Sett,* 1 Smale and Gifford, 415.

Executors have the same rights of set-off that their testators would have if living. *Adams* v. *Ware,* 33 Maine, 228.

Any pledgee may apply collateral in his hands to the payment of a debt after the same has become barred by the statute. *Hancock* v. *Franklin Fire Ins. Co.* 114 Mass. 155.

A legacy may be set off against the debt of the legatee to the testator, though such debt was barred by the statute at the death of the testator. *Coates* v. *Coates,* 33 Beavans, 249; *Courtnay* v. *William,* 3 Hane, 539; S. C. 25 Eng. Ch. 539.

BARROWS, J. There are insuperable objections to the dispo-sition which the alleged trustee, as executor of the will of Ivory Jordan, proposes to make of a legacy therein given to David N. Jordan, the principal defendant.

Under R. S., chap. 86, § 36, it is liable to be held upon this process, payable when the settlement of the estate has sufficiently advanced, but not relieved from the attachment which this plaintiff has placed upon it unless the facts stated in the trustee's disclosure are such as would relieve the trustee from paying it to the principal defendant. The limitations of an executor's liability as trustee of a legatee are defined in R. S., chap. 86, § 42. See also, § 61.

An alleged trustee's right of set-off as against the principal defendant is also regulated by § 64, which would doubtless relieve such hard cases as that of *Ingalls* v. *Dennett*, 6 Maine, 80; *Stedman* v. *Vickery*, 42 Maine, 132.

But we look in vain to the statement of the trustee for any facts which would amount to a legal defence in any suit which the principal defendant might bring against him for the amount of the legacy given in the testator's will.

He holds a joint and several promissory note signed by the principal defendant as principal and by the testator as surety; but it was barred by the statute of limitations as against both the promisors before the death of the testator. The testator had never paid anything upon it, and so far as appears had no demands against the principal which were liable to be deducted from the legacy. The trustee, as executor, has nothing which would avail him against the principal defendant's demand for the legacy when it becomes payable. His position is that he has a right to waive in his own favor the bar of the statute of limitations and to bind the estate of his testator by a new promise to himself to pay a debt which at the date of his testator's death could not have been legally enforced.

In this state, however, claims against the estates of deceased persons thus barred do not seem to be regarded as debts; for while our statutes from the beginning have contained provisions for the sale or setting off upon execution of the real estate of deceased debtors in discharge of their debts, it was early held, in *Nowell* v. *Nowell*, 8 Maine, 220, that no license ought to be granted to sell such real estate to pay claims which appeared to be barred by the statute of limitations. Yet, to allow an execu-

·tion to issue, upon which the personal or real estate of a deceased person may be taken, is *prima facie* waste in the executor or ·administrator, for it is his duty to provide seasonably by a regular course of proceeding for the distribution of the estate ·among the creditors, heirs or legatees, according to their respec- ·tive rights.    *Weeks* v. *Gibbs*, Cumberland Co. 9 Mass. 72; *Clark* v. *May*, Kennebec Co. 11 Mass. 233; *Sturgis* v. *Reed*, · 2 Maine, 109.

From the dilemma in which executors and administrators are thus placed it would seem to follow that our court regards it as ·their duty to interpose the statute bar.    *Oakes* v. *Mitchell*, 15 Maine, 360, cited for the trustee, expressly avoids holding other- ·wise after calling attention to the decisions in Connecticut and Pennsylvania as conflicting with those in England, Massachusetts ·and New York.    What is said in *Oakes* v. *Mitchell*, amounts at ·most only to a query whether the representative of the deceased ·*can* charge the estate by any promise made by him to pay a debt ·thus barred.

We think it better that a careless creditor who suffers his ·claim to become thus barred should occasionally suffer a loss ·than it would be to open so wide a door for the plunder of dead men's estates.

In any event, even where it is held to be competent for an ·administrator by a new promise to revive as against the estate a ·debt barred by the general statute of limitations, it seems to be held that he cannot make a promise to himself so as to take his ·own claim out of the operation of the statute.    *Richmond*, *Adm'r, petitioner*, &c. 2 Pick. 567.

Even his claims not thus barred must be specially passed upon by the probate judge, or the payment of them cannot be ·allowed.    R. S., chap. 64, § 61.; chap. 66, § 8.

It does not appear in the present case that this has been done, ·or that the executor has any claim against either the legatee or the estate of the deceased that can be regarded as available to ·defeat the attachment of the legatee's creditor.·

*Exceptions overruled.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, ·JJ., concurred.