Pomeroy vs. Pomeroy and another.

---

Pomeroy, Respondent, vs. Pomeroy and another, Appellants.

*April 17 — May 1, 1896.*

*Advancements: Evidence: Construction of statutes.*

1. Under sec. 3959, R. S. (providing that "all gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant"), parol evidence is inadmissible to prove an advancement, all other evidence than that prescribed being excluded by implication.

2. Where a statute adopted from another state had previously received an interpretation by the courts of that state, it should have the same interpretation here.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

Chester Pomeroy died intestate, January 27, 1882, seised of the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ and the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 8, town of Fulton, Rock county, Wisconsin, and left surviving him, as his heirs, the plaintiff and defendants; also his widow, Isabella Pomeroy, who subsequently died the 1st day of May, 1892. After the death of the father, and down to the termination of this action in the court below, defendants occupied the premises to the exclusion of the plaintiff. There never was an administration of the father's estate, but a certificate of heirship was procured in the manner provided by statute, and the same was duly recorded. Plaintiff brought this action in ejectment to recover possession of an undivided one-third of the premises and for rents and profits in respect to such interest while it had been unlawfully withheld by defendants. The defendants, by way of equitable counterclaim, alleged, in effect, that the father, in his lifetime, conveyed to plaintiff certain lands by way of advancement, and that such advancement amounted to one third in value of the real estate then owned by the father, and that the same was of the value of one third of all the realty of which the father died seised, including such advancement. They asked for a decree accordingly, and that plaintiff had received his full share of the father's estate and was not entitled to any interest in the property in dispute. Issue was joined on such equitable counterclaim. On the trial defendants offered parol evidence to prove the fact of advancement, which was objected to as not admissible under the statute, and the objection was sustained. The court found against defendants on the counterclaim, and in favor of plaintiff on the cause of action set forth in the complaint, and ordered judgment accordingly. Exception was taken to the ruling of the court, and to the findings, appropriate to raise the questions here con-

sidered. Judgment was entered in favor of plaintiff, from which this appeal was taken.

For the appellants there was a brief by *Winans & Russell*, and oral argument by *John Winans*.

*J. P. Towne*, attorney, and *B. F. Dunwiddie*, of counsel, for the respondent, argued, among other things, that the statute (sec. 3959, R. S.) requires the evidence of an advance-ment to be in writing. The section is copied from the Massachusetts statute of 1805, and had been so construed by the courts of that state before it was enacted as the law of this state. The same rule has also been held in other states. *Bulkeley v. Noble*, 2 Pick. 337; *Bullard v. Bullard*, 5 id. 527; *Barton v. Rice*, 22 id. 508; *Bigelow v. Poole*, 10 Gray, 104; *Osgood v. Breed's Heirs*, 17 Mass. 358; *Ashley's Case*, 4 Pick. 21; *Wheeler v. Wheeler's Estate*, 47 Vt. 637; *Porter v. Porter*, 51 Me. 378; *Weatherhead v. Field*, 26 Vt. 665; *Law v. Smith*, 2 R. I. 244; *Wallace v. Reddick*, 119 Ill. 151; *Long v. Long*, 118 id. 638.

MARSHALL, J. Several errors are assigned, but the only one requiring consideration on the record, and the only one seriously insisted upon, as we understand it, is one involving the question of whether the court erred in rejecting the offer of parol evidence to prove that land conveyed to plaintiff during the lifetime of the father was so conveyed by way of advancement.

The statute governing the subject is sec. 3959, R. S., which provides as follows: "All gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant." Such statute existed in Massachusetts as early as 1805, and without material change it has ever since been the law of that state. It first received judicial construction there in *Bulke-*

*ley v. Noble*, 2 Pick. 337, decided in 1824, where PARK, C. J., delivering the opinion of the court, said, in effect, it is perfectly clear that the trial judge, in rejecting parol evidence offered to prove an advancement, acted in conformity with the statute. This was followed in *Ashley, Appellant*, 4 Pick. 21, decided in 1826, where the court said: "We are bound by the statute of 1805, and therefore can consider nothing as an advancement unless proved in the manner therein prescribed." This was subsequently followed in *Bullard v. Bullard*, 5 Pick. 527, decided in 1827, and again in *Barton v. Rice*, 22 Pick. 508, decided in 1839, and has never been departed from by the courts of that state.

Counsel contends that the statute says, in effect, that advancements may be proved in the manner indicated; that it does not exclude other proof; therefore, other proof may be resorted to. The precise point was under consideration in the Massachusetts case of *Bulkeley v. Noble, supra*, where the court said, referring to parol evidence: "The statute, by implication, excludes all such evidence;" and again, in *Barton v. Rice, supra*, where WILDE, J., delivering the opinion, said: "Oral testimony is clearly inadmissible to prove an advancement, which must be proved in the manner prescribed in the Revised Statutes, ch. 61, sec. 9. That provides, 'that all gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant.' The statute does not expressly declare that an advancement shall not be proved in any other manner, but that undoubtedly is the meaning of the statute." Such was the construction of the statute by the Massachusetts court in 1838, at which time it was adopted without change by the state of Michigan, where it became sec. 9, ch. 1, tit. 2, pt. 2, R. S. 1838. No different construction was given to it there, and in 1849 it was adopted here, and became sec. 8, ch. 63, R. S. 1849.

It is a familiar rule that, if a statute adopted from another state has received an interpretation there, it is to have the same interpretation here. *Draper v. Emerson*, 22 Wis. 147; *Westcott v. Miller*, 42 Wis. 454; *Dutcher v. Dutcher*, 39 Wis. 651; *Arzbacher v. Mayer*, 53 Wis. 380. It follows that the construction given to this statute by the Massachusetts court became, on its adoption here, a part of the law of this state. We therefore hold that parol evidence is inadmissible to prove an advancement; that, though the statute does not expressly declare that an advancement shall not be proved in any other manner than that indicated therein, such is undoubtedly its meaning; that, by prescribing a particular manner for proving an advancement, by implication all other evidence is excluded. This is in accordance with the decision of the trial court, and it follows that the judgment appealed from should be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.