IN RE ESTATE OF SALLIE A. HESSLER.

FLOYD H. HESSLER ET AL., APPELLANTS, V. NELLIE E. CADY, APPELLEE.

FILED JULY 12, 1907.  No. 14,897.

Descent and Distribution: GIFT TO ANCESTOR. After the death of one to whom has been made a gift or loan, the distributive shares of the children of the debtor or donee, as heirs at law of the creditor or donor, cannot without their consent be diminished by charging a gift or loan as an advancement to their ancestor, which has not acquired that character during the lifetime of the latter.

APPEAL from the district court for Howard county: JAMES N. PAUL, JUDGE. *Reversed.*

*Talbot & Allen,* for appellants.

*T. T. Bell, contra.*

AMES, C.

After the death of Mrs. Sallie A. Hessler, there was found among her papers a writing in her own hand and signed by her, which would have been effectual as her last will, except for the fact that it lacked the formal execution required by statute. She left surviving her a son and a daughter and two minor children of a deceased son, named Herbert. The writing purports to dispose of her estate among her heirs at law, apparently as nearly as possible in conformity with the disposition made of it by the statute of descents and distribution, except that it contains the following clause: "While Herbert Hessler was living he used $400 of his part, so that must be considered a loss to his children, Floyd Hessler and Wallace Hessler." The county court in making his order of distribution treated the language quoted as sufficient to charge the $400 mentioned as an advancement, and diminished the amount otherwise distributable to the children of the deceased by that sum. On appeal to the district court, the order of distribution was affirmed, and from the judgment of affirmance this appeal is prosecuted.

There is no dispute about the facts, and the only question involved is that of the interpretation of section 37, ch. 23, Comp. St. 1905, entitled decedents, which is as follows: "All gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant." Now, it is not inferable from the above quoted language of the document written by Mrs. Hessler that the $400 mentioned therein was a gift or grant by her to her deceased son, nor is there anything therein, or in the evidence preserved in the bill of exceptions, to indicate how or when or why or under what circumstances he obtained it, except the expression that he used that sum. Whether such use was without the consent or knowledge of the intestate is a matter of

conjecture, which derives no certainty even from the presumption of innocence. But in the absence of evidence the law does raise a presumption that by such use he became indebted to her in that sum. How, then, could that debt have become afterwards converted into an advancement and chargeable against his distributive share of her estate at her death? Plainly, we think, not without the consent of both parties to the existing expressed or implied contract of debtor and creditor. Certainly she or her personal representative would not have been bound by an "acknowledgment in writing" by him in which she did not concur, and which, if valid, would have discharged his debt, and he, if living, might presumably have had reasonable grounds for objecting that an alleged debt which he may have paid, or against which he had a valid legal or equitable defense, should be charged arbitrarily against his distributive share. It is true that no one is heir of the living, and that he or his children might have been cut off by will without regard to his having or not having obtained an advancement, but such an event would not have affected the relation of debtor and creditor, and on the instant of her death, intestate, the title of his minor children to their distributive shares became irrevocable. Their *status* as heirs at law of the intestate would not have been affected even by a will disposing of all her estate to their exclusion, and it follows of necessity, we think, that their inherited interests could not have been diminished or affected in consideration of an indebtedness of their deceased parent or otherwise, except by testamentary disposition. There is authority for holding that a gift or grant can be given the character of an advancement only at the time it is made. *Ludington v. Patton*, 121 Wis. 649; *Lodge v. Fitch*, 72 Neb. 652. Whether the doctrine as thus stated is not somewhat too broad, or rather is not somewhat misleading, it is not now necessary to inquire. It is at any rate quite clear to us that, after the death of one to whom has been made a gift or loan, the distributive shares of the children of the debtor or donee, as heirs at

law of the creditor or donor, cannot without their consent be diminished by charging the gift or loan as an advancement to their ancestor, which has not acquired that character during the lifetime of the latter.

We recommend therefore that the judgment of the district court be reversed and the cause remanded for further proceedings consonant with this opinion.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings consonant with this opinion.

REVERSED.