WILLIAM E. CARR, APPELLANT, v. FLOYD N. CARR ET AL., APPELLEES.

FILED FEBRUARY 1, 1918.    No. 19744.

1. **Executors and Administrators: CLAIM: EVIDENCE.** The evidence examined, stated in the opinion, and *held* to be insufficient to establish the plaintiff's contention that he had another sum of $3,000 coming to him from his father's estate as claimed in his supplemental amended petition.

2. **Descent and Distribution: CLAIM: RELEASE.** It is also further *held* that the $3,000 paid by the father, Newton E. Carr, to the plaintiff, William E. Carr, was in full settlement of a lawsuit between them in which certain other parties appeared, and that it was also the purpose of William E. Carr and Newton E. Carr that the said William E. Carr should, by the payment to him of the said sum of $3,000 by Newton E. Carr, be thereby paid in full for any and all sums of money due, or to come due, to him from said Newton E. Carr, or any interest in any way to come to him from his father's estate, and that he thereby released said estate from any and all claims that he might thereafter have against the same.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*R. J. Greene,* for appellant.

*J. J. Ledwith, contra.*

HAMER, J.

Newton E. Carr and his wife, Amanda, lived in Indiana and had a family of six children, of which William E. Carr, being the oldest son, is the appellant in this case. William E. Carr came to Nebraska in 1878. He returned to Indiana in February, 1879, and he and his family and the appellee Floyd N. Carr afterwards came to Nebraska for the purpose of residing here. They negotiated for the purchase of some land near Ceresco. It is claimed that, upon the testimony of Katherine Carr, Newton E. Carr promised to deed the Cass county land described in the petition to the appellant. It is contended on behalf of the defendants that there is no evidence of any consideration for the promise alleged to be made by Newton E. Carr, and that there is nothing by which such promise can be held to be binding.

The plaintiff appears to have rented a farm near Ceresco, and he and his brother, Floyd, farmed together for a period of three years. In 1880 Newton E. Carr came out with another son, Ernest E. Carr, and purchased two 80-acre tracts south of Greenwood, in Cass county, taking the deeds in his own name. He put Ernest E. Carr in possession of one tract, and the plaintiff, William E. Carr, in possession of the other tract. It appears that there was an agreement to the effect that each was to have the use of the land free of rent, and that each was to improve the tract which he occupied and pay the taxes upon it. It is contended by the defendants that there is nothing in the evidence to indicate that the father, Newton E. Carr, ever promised or intended to part with the title to any of the land.

It is claimed in the petition that Newton E. Carr died intestate as to the north half of lot "L" in Haw-

ley's addition to Lincoln, and that the plaintiff is entitled to a one-sixth interest therein as an heir at law of Newton E. Carr.

It is claimed in the second cause of action that in the settlement of the land controversy mentioned in the receipt introduced in evidence as exhibit No. 10 Newton E. Carr promised to pay the plaintiff an additional sum of $3,000 upon the death of Newton E. Carr, and that this promise became a charge upon all the real estate of said Newton E. Carr and became a trust to be enforced in equity.

The third cause of action appears to have set up that the plaintiff and plaintiff's mother had a life estate in all of the real estate, and that she was entitled to the rents, and that the other children appropriated the uncollected rents to which the mother, Amanda Carr, was entitled as a life tenant, and also her other personal property, and that they had taken out no administration upon her estate, and that the plaintiff as one of her children was entitled to recover from the defendants his share thereof, since she had died intestate. It is contended by the defendants that there is no evidence to prove anything in support of the third cause of action.

The court found generally against the plaintiff and in favor of the other heirs of Newton E. Carr, and ordered partition of the lot among the five heirs of Newton E. Carr other than the plaintiff, with the costs against the plaintiff William E. Carr. It is contended by the plaintiff that the finding and judgment of the district court is not sustained by the evidence.

The judgment finds that there is no equity in the plaintiff's petition, and finds generally in favor of the defendants and against the plaintiff as to all the issues tendered by plaintiff's petition, and finds upon the cross-petition of the defendants and the answer thereto that Newton E. Carr died in Lancaster county, Nebraska, on the 21st day of July, 1912, leaving a

last will and testament which was duly admitted to probate, and that by the terms of the will he vested a life estate in his wife, Amanda Carr, in all of his property, including the north half of said lot L; that by the death of the said Amanda Carr her life estate was terminated in said real estate and all her interest in the same, and that the plaintiff, William E. Carr, took no interest in said real estate, being excluded therefrom by the express terms of the will of his father, the said Newton E. Carr, and also by the settlement which he made with his father on or about the 14th day of March, 1891, whereby his father had paid to him the sum of $3,000, accepted by him as a full settlement of any and all interest which he had in the said estate at the time of the death of the said Newton E. Carr. As the decree is very long, we will not attempt to state its contents in detail.

It appears from the evidence that Frank Stradley and Newton E. Carr filed a petition in the district court for Lancaster county, Nebraska, against William E. Carr and C. S. Shaw. It appears by this petition and an affidavit and an agreement and an order of the court that this case of Frank Stradley and Newton E. Carr against William E. Carr and C. S. Shaw was dismissed and settled. A receipt was executed, signed by William E. Carr and Katherine Carr, and reciting, among other things, the filing of the said petition of Frank Stradley and Newton E. Carr against William E. Carr and C. S. Shaw; that the purpose of the petition was to enjoin William E. Carr and C. S. Shaw from interfering with the peaceable possession of Frank Stradley as tenant of said Newton E. Carr in possession of the land described. The receipt further recites a desire to settle the difference existing between Newton E. Carr and William E. Carr as to the right of ownership of certain property described in the said receipt without any litigation. Without re-

102 Neb.—11

citing all the contents of this receipt, it may be said that it recites that William E. Carr and Katherine Carr, his wife, acknowledged the receipt of $3,000 from Newton E. Carr, the same being in full and a complete settlement of any and all interest "which William E. Carr or his heirs or any of them have or claim in and to any interest or right in the property and estate of the said Newton E. Carr." The receipt further contemplates that William E. Carr and his wife will never ask for or claim any interest of any kind in the estate of the said Newton E. Carr, and that the said sum of $3,000 shall be received in full of all claims by them, and that the said case of Frank Stradley and Newton E. Carr against William E. Carr and C. S. Shaw shall be dismissed.

It appears by the decree that William E. Carr is excluded from any interest in the real estate of Newton E. Carr. The consideration seems to be the payment of $3,000 intended to be accepted by the plaintiff, William E. Carr, as a full settlement of any and all interest which the said William E. Carr might otherwise have in the estate left by the said Newton E. Carr at the time of his death, and in full of any and all claims of interest which the said plaintiff might otherwise have in or against said estate. Mrs. Katherine Carr, the wife of William E. Carr, testified that there was to be an additional $3,000, but her testimony is very unsatisfactory on that point, and on cross-examination she excused herself for not having the paper to show that fact, and said that she had a reason for not taking the paper. She said that she did not consider that Newton E. Carr would have signed such a document unless he was under obligations to do so. Numerous tax receipts are introduced in evidence showing that William E. Carr paid the taxes on the land which he occupied; but this appears to have been by agreement with his father, and it was to continue while he occupied the land.

An examination of the evidence shows that the $3,000 paid was for the purpose of excluding the plaintiff from any interest in the estate of the father; and the father seems to have so understood it, as the fourth paragraph in his will provides: "Inasmuch as I have heretofore advanced to my son, William E. Carr, at his request, his share and proportion of my estate, which advancement was made to him in pursuance of an agreement entered into between the parties interested, as evidenced by his receipt to me, dated March 14, 1891, at which time he was paid the sum of three thousand dollars ($3,000) I make no bequest to him, leaving him nothing out of my property." The will mentions each of the other sons and daughters of the testator.

That the testator acquired the lot in question after he made his will would not prevent the will from excluding the plaintiff and appellant from an interest in that property. Section 1288, Rev. St. 1913, provides: "Any estate, right or interest acquired by the testator after the making of his will shall pass thereby in like manner as if possessed at the time of making the will, if such shall manifestly appear by the will to have been the intention of the testator."

The evidence entirely fails to show that there was a second $3,000 to be paid to the plaintiff. Much effort has been expended by plaintiff's counsel upon the pleadings and briefs in the case, and they show great industry. Unfortunately for the plaintiff's case they do not seem to have evidence to rest upon.

The judgment of the district court seems to be right and it is

AFFIRMED.

SEDGWICK, J., not sitting.