HENRY J. STARK, APPELLANT, V. LEVINUS M. STARK, ADMINISTRATOR, ET AL., APPELLEES: LEVINUS M. STARK ET AL., APPELLANTS.

FILED MARCH 12, 1935. No. 29112.

*John J. Ledwith* and *Herman Ginsburg,* for appellants.

*Robert R. Hastings, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

After decree of partition and sale of certain real estate in the district court for Saline county, Nebraska, a motion was filed by Henry J. Stark, plaintiff, and Levinus M. Stark, a defendant, both appellants in this court, for distribution of the proceeds of such sale, in which motion they set forth that, by oral agreements with their father during his lifetime, defendants Emil A. Stark, Julia O. Harter and Ruth B. Spohn, appellees in this court, had been advanced certain sums against their respective interests in the estate of their father by the conveyance of certain tracts of land to each of them; that certain sums respectively should be deducted from the shares of each from the proceeds of the real estate sold in partition and then in the hands of the referee. This motion was put in issue by a counter showing, and hearing was had by the court, wherein certain evidence was adduced by the appellants and an offer made by them to show by parol evidence that the deeds, absolute upon their faces, were given by way of advancements, to which objection was made and sustained by the court. Whereupon, the trial court found generally against appellants in that the deeds to appellees were absolute deeds of conveyance and not by way of advancements.

The sole question for our determination is whether appellants should have been allowed to introduce parol evidence in an endeavor to prove that the deeds of conveyance, absolute upon their faces and containing nothing indicating an advancement, were, in effect, advancements. The answer to this question will be found in the construction of section 30-115, Comp. St. 1929, which reads as follows: "All gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant."

The doctrine of advancements is of statutory origin (statute of 22 & 23 Charles II, ch. 10), being unknown to the common law. Statutes providing that, in order to constitute an advancement, the conveyance of the gift or grant shall so express or the donors so charge in writing, or the gift be acknowledged in writing by the donee, or provision similar in effect, exist in, and have been interpreted by, many states. Where the law provides in what manner and by what evidence advancements shall be established, the mode so pointed out must self-evidently be pursued. Under these statutes such evidence and no other can be introduced, and an advancement not evidenced in the manner recognized by statute is, in legal effect, no advancement at all, however clearly it was intended. 3 Woerner, American Law of Administration (3d ed.) 1892, secs. 558, 559, and notes. See, also, 18 C. J. 912. "In some jurisdictions an advancement must be made in writing, and the writing must contain within itself the necessary evidence of the intention of the donor in order to constitute an advancement. In these jurisdictions parol declarations, whether made subsequent or prior to the alleged advancement, are not admissible to establish the fact of advancement." 1 R. C. L. 667, sec. 20. "In some jurisdictions it is provided by statute that no gift or grant shall be deemed to have been made as an advancement unless expressed or charged as such in writing by the donor or acknowledged as such in writing by the donee. The effect of such statutes is not only to necessitate the exclusion of parol evidence to show an advancement, but also to require the courts to hold that an advancement not in writing is, in legal effect, no advancement at all, unless the heirs and distributees waive the statutory requirement." 18 C. J. 919. Dame, Probate and Administration (3d ed.) 530, sec. 524, a well-known Nebraska authority, says: "Oral evidence is inadmissible to prove that payments by a donor were intended by him to be treated as advancements, and the doctrine of advancement by presumption does not prevail in this state. Payments of

money or other valuable property to a child, or conveyances of real estate, unless otherwise expressed in the consideration, or explained by competent evidence, are presumed to be gifts and not advancements. To constitute a payment or conveyance or delivery of property an advancement, there must have been an intent on the part of the donor to so consider it, though it is not necessary that such intent be known to the donee or concurred in by him, and such intent must be shown by written evidence, either the grant itself, charges entered by the donor, or the receipt of the donee."

This court has heretofore passed squarely upon the question. In *Boden v. Mier,* 71 Neb. 191, the court said: "Section 34, chapter 23, Compiled Statutes, provides: 'All gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant.' In an action to adjust advancements, *held,* that oral testimony is incompetent to prove the advancements." In the opinion at page 197 the court said: "But, while the three notes (ordinary promissory notes) are frequently referred to in the argument as advancements, there is no competent evidence in the record that they or any of them were in fact such. In order that a gift or grant shall be deemed an advancement, it must be expressed in the gift or grant to be so made, charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant. Section 34, chapter 23, Compiled Statutes (Annotated Statutes, 4934). That section by implication excludes parol evidence of an advancement. *Pomeroy v. Pomeroy,* 93 Wis. 262; *Bulkeley v. Noble,* 2 Pick. (Mass.) 337; *Bullard v. Bullard,* 5 Pick. (Mass.) 527; *Barton v. Rice,* 22 Pick. (Mass.) 508. The evidence relied upon in this case as showing that the notes, or any of them, were intended as advancements is exclusively parol, and, as we have seen, wholly incompetent for that purpose." See, also, *Riddell*

*v. Riddell,* 70 Neb. 472; *Lodge v. Fitch,* 72 Neb. 652; *In re Estate of Hessler,* 79 Neb. 691; *Carr v. Carr,* 102 Neb. 158; *Johnson v. Ghost,* 11 Neb. 414.

In *Boden v. Mier, supra,* this court cited and followed the Massachusetts, Michigan and Wisconsin cases. It is interesting to note that the statutes of these states, with reference to this section, are identical with our own. Massachusetts adopted this section in 1805 and has since construed it many times with reference to the question presented to us in this case. As early as 1824, in *Bulkeley v. Noble,* 2 Pick. (Mass.) 337, the court said: "With respect to the parol evidence offered to prove an advancement to two other children, we think it perfectly clear, that in rejecting it the judge of probate acted in conformity with the statute, which by implication excludes all such evidence; and in those two cases there was no written evidence." The Massachusetts court has since consistently held that an advancement, whether of real or personal property, made by an intestate to his child or other descendant, must be proved by the evidence prescribed by their statutes and by no other, and that oral testimony is clearly inadmissible to prove an advancement which must be proved in the manner prescribed in that section. See, also, *Ashley, Appellant,* 4 Pick. (Mass.) 21; *Osgood v. Breed's Heirs,* 17 Mass. 356; *Bullard v. Bullard,* 5 Pick. (Mass.) 527; *Barton v. Rice,* 22 Pick. (Mass.) 508; *Bigelow v. Poole,* 10 Gray (Mass.) 104; *Cummings v. Bramhall,* 120 Mass. 552.

In *Pomeroy v. Pomeroy,* 93 Wis. 262, the first opinion construing the Wisconsin statute passed in 1849, exactly in point here, the court said: "Several errors are assigned, but the only one requiring consideration on the record, and the only one seriously insisted upon, as we understand it, is one involving the question of whether the court erred in rejecting the offer of parol evidence to prove that land conveyed to plaintiff during the lifetime of the father was so conveyed by way of advancement." The Wisconsin statute is identical with ours, and after quoting the same in full the court said:

"Such statute existed in Massachusetts as early as 1805, and without material change it has ever since been the law of that state. It first received judicial construction there in *Bulkeley v. Noble*, 2 Pick. 337, decided in 1824, where Parker, C. J., delivering the opinion of the court, said, in effect, it is perfectly clear that the trial judge, in rejecting parol evidence offered to prove an advancement, acted in conformity with the statute. This was followed in *Ashley, Appellant*, 4 Pick. 21, decided in 1826, where the court said: 'We are bound by the statute of 1805, and therefore can consider nothing as an advancement unless proved in the manner therein prescribed.' This was subsequently followed in *Bullard v. Bullard*, 5 Pick. 527, decided in 1827, and again in *Barton v. Rice*, 22 Pick. 508, decided in 1839, and has never been departed from by the courts of that state.

"Counsel contends that the statute says, in effect, that advancements may be proved in the manner indicated; that it does not exclude other proof; therefore, other proof may be resorted to (the contention made in the case at bar). The precise point was under consideration in the Massachusetts case of *Bulkeley v. Noble, supra,* where the court said, referring to the parol evidence: 'The statute, by implication, excludes all such evidence;' and again, in *Barton v. Rice, supra,* where Wilde, J., delivering the opinion, said: 'Oral testimony is clearly inadmissible to prove an advancement, which must be proved in the manner prescribed in the Revised Statutes, ch. 61, sec. 9. That provides, "that all gifts and grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing as such by the child or other descendant." The statute does not expressly declare that an advancement shall not be proved in any other manner, but that undoubtedly is the meaning of the statute.' Such was the construction of the statute by the Massachusetts court in 1838, at which time it was adopted without change by the

state of Michigan, where it became sec. 9, ch. 1, tit. 2, pt. 2, R. S. 1838. No different construction was given to it there (see *Power v. Power's Estate,* 91 Mich. 587; *Olney v. Brown,* 163 Mich. 125), and in 1849 it was adopted here, and became sec. 8, ch. 63, R. S. 1849." See, also, *Ludington v. Patton,* 121 Wis. 649; *Schmidt v. Schmidt's Estate,* 123 Wis. 295; *Arthur v. Arthur,* 143 Wis. 126; *Estate of Fontaine,* 181 Wis. 407. See 26 A. L. R. 1164, note.

Our statute was passed in 1866, long after the same statute was adopted and construed by, first, Massachusetts, then Michigan, then Wisconsin. We have seen fit to follow these decisions in the construction of our statute, and, rightly so, because it is a familiar rule that, where a statute has been adopted from another state, ordinarily the construction given previous to its adoption by the courts of that state will be followed in the adopting state. *Goble v. Simeral,* 67 Neb. 276; *Zabriskie v. Greater America Exposition Co.,* 67 Neb. 581 (see note page 584); *Gentry v. Bearss,* 82 Neb. 787; *State v. Martin,* 87 Neb. 529; *Mayfield v. North River Ins. Co.,* 122 Neb. 63.

We have carefully considered the authorities relied upon by appellants, but find that they are from states having statutory provisions different from our own, or that they could as well be cited as upholding the contention of the appellees. We are content to abide by the Massachusetts, Michigan and Wisconsin rule already adopted by this court in *Boden v. Mier, supra,* as a proper construction of this statute.

The trial court, therefore, was correct in its ruling that parol evidence was inadmissible to prove that the deeds, absolute upon their faces, were given by way of advancements. The judgment of the district court is

AFFIRMED.