### John C. Hesley, Administrator, v. Henry T. Shaw, et al.

1. STATUTE OF LIMITATIONS—*applied in equity.* Where a cause of action is barred at law, it is likewise, as a general proposition, barred in a forum where equitable principles are applied.

2. STATUTE OF LIMITATIONS—*when bars action on notes.* An administrator cannot by petition or otherwise in the court of probate obtain an order authorizing the setting off of an amount due upon notes given by distributees to the deceased in his lifetime from the distributive shares respectively of the makers of such notes where the same are barred by limitation.

Contest in court of probate. Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

A. CLAY WILLIAMS and GEORGE C. WEAVER, for appellant.

WILLIAMS & GROTE, for appellees.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Pike County, where the cause was taken by appeal from the County Court, sitting in probate, denying the prayer of a petition filed by appellant, as administrator of the estate of Elizabeth Shaw, deceased.

The petition in question, after stating that the petitioner had in his hands as administrator, the sum of $5,000, which he was ready to distribute among the heirs of said Elizabeth Shaw, namely, Henry T. Shaw, Hardin J. Shaw, Lucy A. Ellis, Fred Shaw and Charles R. Shaw, further states that the following described notes, payable to the order of said Elizabeth Shaw, were turned over and held by him as assets of said estate, to wit, one note bearing date June 12, 1886, for the sum of $150, due one day after date; one note bearing date September 28, 1886, for the sum of $100, due one day after date; and one note bearing date January 11, 1887, for the sum of $200, due one year after date, all of which were executed by the said Henry T. Shaw. Also one note bearing date March 7, 1887, for the sum of $100, due six months after date, executed by the said Hardin T. Shaw; and also one note bearing date March 5, 1890, for the sum of $229, due one day after date, executed by the said Lucy A. Ellis. The petition then prays that an order be entered authorizing and directing the petitioner to make distribution of the said sum of $5,000 among the heirs of said Elizabeth Shaw, share and share alike, and that he be further authorized to apply so much of the respective distributive shares of the said Henry T. Shaw, Hardin J. Shaw and Lucy A. Ellis, as was necessary in payment of the amounts due on their respective notes, and then to cancel and deliver the same to the makers. To the petition the makers of the said notes filed their answer in the nature of a demurrer, alleging that the right of action upon said notes accrued more than ten years prior to the death of said Elizabeth Shaw; that the same were barred by the Statute of Limitations; and that the Probate Court had no

power to adjudicate the rights and liabilities of the parties in respect to said notes, nor to determine the validity of the same. The court held that the notes were barred by the Statute of Limitations, and ordered the administrator to distribute the said sum of $5,000 to the heirs in equal proportions, from which order the petitioner appeals.

Appellees contend that the notes were barred by the Statute of Limitations, and that the administrator had no right either at law or in equity to take them into account in making distribution.

Appellant admits that if the filing of the petition be, in effect, the institution of an "action" on the notes within the meaning of the word, as used in section 16, chapter 83 of the Statute of Limitations, he has no standing in court, and further, that if an "action" at law were commenced to collect the notes and the defense of the Statute of Limitations interposed, it would be effective. He contends, however, that notwithstanding the right of action at law to enforce payment of the notes, was barred by statute, inasmuch as they were still due and owing, the moral and equitable obligation to pay them remained; that the present proceeding, being in its nature of an equitable character, equitable rules and principles should be applied and the payment of the notes enforced by the Probate Court, in the exercise of its equitable jurisdiction and powers in the settlement of estates. In support of such contention the cases of Holmes v. McPheeters, 149 Ind. 587, and Tinkham v. Smith, 56 Vt. 187, are chiefly relied upon. In the Holmes case, which involved questions similar to those at bar, the court, *inter alia*, says: "The doctrine is correctly and firmly settled in this State that a distributee is not entitled to receive his distributive share while he is indebted to the estate, and thereby retain in his own hands a part of the fund out of which his own and the shares of other distributees, or other claims on such fund, ought to be paid.

" *  *  * This right is not one of set-off, but is founded on the principle that the administrator or executor has an equitable lien on the share of the distributee or legatee,

until the latter has discharged the obligation which he owes to the estate.    The heir or legatee, as the authorities affirm, is not, in accordance with justice or good conscience, entitled to be awarded and receive his share as long as he is a debtor to the estate, and thereby has in his own hands, a part of the fund upon which the payment of his own share and the shares of others depend.  To allow a distributee to receive his share of the fund in the hands of the administrator for distribution, while the former is in default in the payment and discharge of his own obligations to the estate, would serve to diminish the fund, and result, perhaps, to the prejudice of others.  By permitting the distributee to receive his share, while he retains a part of the funds in his own hands, out of which his share ought to be paid, might and frequently would result in awarding to him a portion of the fund greater than that received by other equally entitled distributees.   These principles, in reason, *do* and *must apply* when the recovery of the debt which the distributee owes to the estate is barred by the Statute of Limitations. The Statute of Limitations is one of repose, and is only a bar to the remedy, and not to the debt itself, simply leaving it unpaid without any legal remedy on the part of the creditor to enforce its payment by suit, in the event the debtor relies on the statute as a defense.   Measured, however, by a moral standard, and one in accordance with good conscience, the debtor is still under an obligation to pay his debt, although a recovery thereon under the law may be barred by the lapse of time.   The statutes of this State recognize the right of a party to enforce a set-off against a cause of action, although a recovery upon the debt upon which the set-off is based is barred by limitation.   *   *   * It must follow, in our judgment, that the Statute of Limitations could not be successfully interposed by appellant as a defense to defeat the appellee in his *equitable* right to apply an amount sufficient of the appellant's share of the estate in his hands in payment of the note."

In the case of Tinkham v. Smith, *supra*, the action was founded on a decree or order of distribution of the estate

of Henry Tinkham made by the Probate Court, by which the defendant as administrator was ordered to pay the plaintiff, heir-at-law of the intestate, out of the estate the sum of $1,126.22; and it was there said : "The decree of distribution is more in the nature of an order upon the administrator to account to the heirs, for the several sums named in the decree, than of an adjudication that the administrator is indebted to each heir in the sum named in the decree. It is not in the nature of a personal judgment against the administrator in favor of each; but rather that he has a fund in his control belonging to the estate, for which he is to account to the several heirs in the sums named in the decree as belonging to the heirs respectively. When part of the fund consists of a debt due the estate from an heir, the administrator may rightfully say to such heir, ' I account to you by applying the debt due from you to the fund, in part satisfaction of that part of the sum decreed to you.' Such would be a lawful accounting to the extent of the indebtedness. But when the administrator asserts such indebtedness, and its application, he takes the burden of proving the existence of the indebtedness. As such assertion, by way of plea in bar, or satisfaction of the decree of distribution, is not in form an *action* to enforce the payment of such indebtedness, a replication of the Statute of Limitations is not applicable thereto. The Statute of Limitations applies only to *actions*, and not to pleas in bar, by payment or satisfaction; and probably not to pleas, as such, unless in the nature of an action, like declarations in set-off. Although many of the cases cited by defendant's counsel are suits in equity, they all sustain his contention that an administrator has the right to apply the indebtedness from an heir to the estate, in part or whole satisfaction of the share of such heir in the estate; and that the Statute of Limitations does not bar, nor apply, to such application, as it bars and applies to *actions* only."

Woerner on American Law of Administration is also cited. It is therein said (section 1238): "The Statute of Limitations does not operate the extinguishment of a debt,

Hesley v. Shaw.

but bars the remedy only; hence, such debts may be set off to legacies or distributive shares, notwithstanding the efflux of the statutory period of limitations."

The question involved has never been definitely determined by the Supreme Court of this State. In the case of Jeffers v. Jeffers, 139 Ill. 368, the court says: "It is undoubtedly true that where a legacy or bequest is left to the testator's debtor, the indebtedness may be taken out of the legacy, for the reason, as is said, 'the legatee's demand is in respect of the testator's assets, without which the executor is not liable, and therefore the legatee in such case is considered by a court of equity to have so much of the assets already in his hands as the debt amounts to, and consequently to be satisfied *pro tanto*.' (Toll on Executors, 338.) It has also been held that an executor's right to deduct a debt due the testator from a legacy will not be defeated by showing the debt to be barred by the Statute of Limitations." It will thus be seen that that question is still open in this State.

Appellees admit that it has been held in some jurisdictions that the amount of a debt barred by the Statute of Limitations, due from a legatee, may be deducted from the legacy, but insists that such holdings are based upon the English rule, hereinafter referred to, and that a distinction exists between legacies and distributive shares. The cases of Allen v. Edwards, 136 Mass. 138, and Holt v. Libby, 80 Me. 329, and a number of other cases, are cited, which seem clearly to draw such distinction.

In the Allen case, notwithstanding the statute of Massachusetts provides that an administrator or executor may retain and appropriate the funds in his hands to the payment of indebtedness due from the distributee or legatee, the court held that it could not be done where the debt was barred by the Statute of Limitations. The court reviews the English rule and the case of Courtenay v. Williams, 3 Hare, 539, and says: "There is but slight force in the argument when we observe the difference which exists under our law in regard to legacies. In England no action

at law can be maintained for a legacy, and the courts of equity have always assumed the right to impose the terms on which the beneficiary shall receive it. Lord Kenyon, in refusing to entertain an action at law for a legacy, says: ' If an action will lie for a legacy, no terms can be imposed on the party who is entitled to recover, and therefore when the legacy is given to a wife the husband would recover at law, and no provision could be made for the wife or family; whereas, a court of equity will take care to make some provision for the wife in such a case. But the whole of this admirable system, which has been founded in a court of equity, will fall to the ground if a court of law can enforce payment of a legacy.' * * * 'In a court of law, we cannot impose any terms on the party suing; if he be entitled to a verdict, the law must take its course. But a court of equity will impose on the party applying such terms as they think right and according to conscience.' The case of Courtenay v. Williams, and other cases cited, proceed on the ground that a legacy is not a debt, that when the estate of the deceased has claims against the legatee no case of mutual debts is presented, as there is something due as such from the legatee, while nothing is thus due from the other. But a different view of a legacy has been taken here. As we have heretofore seen, for many years an action at common law might be maintained to recover it, and actions of assumpsit or contract have been repeatedly so maintained."

In the case of Holt, *supra*, the court distinguishes between the rule in England and the States and also differentiates the rule as to legacies and of distribution. It says: "It is a general rule in the settlement of legacies by an executor that he may retain the legacy, the whole or a sufficient portion, in satisfaction of the legatee's debt to the estate, if the testator does not indicate, either in the terms of the bequest or in any other parts of the will, that it shall be otherwise. This is the rule both in law and in equity. The English practice goes further, and allows the rule to prevail, on the idea of a lien, as to debts which have

become barred by the Statute of Limitations. The leading
case maintaining the English rule seems to be Courtenay v.
Williams, 3 Hare, 539. Subsequent English cases follow in
the same line. One or two of the American state courts may
have practiced on the English rule. But a legacy was re-
coverable in England, in the day of the authorities cited,
only in chancery. The same rule of equitable set-off pre-
vails in that country, not only as to legacies, but also as to
the share of one entitled as next of kin in the estate of an
intestate. This doctrine cannot be applicable in this State,
and in most of the States, where a legacy is made by stat-
ute, if not by ancient practice, a legal claim. With us it
is a distinct and independent legal claim. The estate is
just as much a debtor to the indebted legatee as the legatee
is to the estate. Each has a legal right and remedy.
And a statute-barred debt is no more recoverable by an
estate than by any other creditor."

No reason is urged why the English rule should not apply
in Illinois, nor has our attention been called to any statute
or adjudication by which either a legacy or a distributive
share in an estate, is made, or has been held to be, recov-
erable, except by a suit in equity or through the medium
of the Probate Court. The only method provided by stat-
ute for the recovery of legacies by a suit at law, is that
authorized by section 120 of the Administration Act, which
provides that any legatee may, after the Probate Court shall
order the same paid, maintain an action of account, against
a delinquent executor, to recover his part of the estate in
such executor's hands. Mahar v. O'Hara, 4 Gilm. 425.
Until a valid order of distribution is made, an adminis-
trator is the trustee of the estate for the benefit of the
creditors and heirs, and no cause of action accrues to the
heirs until such order has been entered. Frank v. People,
47 App. 248, affirmed 147 Ill. 105. The payment of dis-
tributive shares in an estate cannot be enforced by an action
at law, and a court of chancery will not assume jurisdic-
tion except in an extraordinary case. Labadie v. Hewitt, 85
Ill. 341. The Probate Court, therefore, had exclusive ju-

·risdiction to administer the estate of Elizabeth Shaw, and in the administration thereof could probably exercise such equitable jurisdiction as is adapted to its organization and modes of proceeding.   Schlink v. Maxton, 153 Ill. 447.

We are of opinion, however, that whether the strict rules of law, or equitable principles, are applied in the determination of the question, the notes are, in either case, barred by the Statute of Limitations.   It is well settled that when courts of law and equity have concurrent jurisdiction, a claim barred at law will be barred in equity, and that even when the jurisdiction in equity is exclusive, the limitation applies if the remedy sought is analogous to a remedy at law.   Hancock v. Harper, 86 Ill. 445.

The purpose of the petition was, and the effect of granting the same would be, to enforce the payment of the notes in question.   The proceeding was, therefore, clearly analogous to an action at law for the same purpose.   There is no claim that any new promise to pay the notes existed, nor that any mutual claims existed between the deceased and the makers of the notes.   The trial court properly held that the Statute of Limitations, which is a statute of repose, based upon the presumption that the debt has been paid, barred not only the remedy of appellant, as the representative of his intestate, but the right, which it was intended to vindicate, as well.   The deprival of one of his remedy for enforcing a contract, is itself a mode of impairing the validity of the contract.   Board of Education v. Blodgett, 155 Ill. 450.

The judgment of the Circuit Court is accordingly affirmed.                                          *Affirmed.*