## Luscher, et al. v. Security Trust Company, et al.

(Decided January 10, 1918.)

### Appeal from Fayette Circuit Court.

1. **Executors and Administrators—Limitation—Right to Set Off Debt Due by Heir Against His Share.**—In a suit to settle the estate of an intestate, a demand against one of the distributees that is barred by the statute of limitation cannot be deducted from his distributable share, but a debt that is not barred by limitation may be deducted.

2. **Limitation of Actions—When Not Bar to Defensive Plea—Counter-Claim.**—In a suit on a contract the plea of limitation is not available in bar of a defense growing out of the contract or transaction that is the basis of the suit.

3. **Limitation of Actions—Set Off.**—A debt barred by the statute of limitation cannot be pleaded as a set-off.

J. S. LUSCHER for appellants.

J. PELHAM JOHNSTON and HUNT & BUSH for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

There is one question of law presented by this record, and it is this: in the settlement of the estate of a decedent, can one of the heirs be charged with a debt due by him to the decedent that is barred by limitation? It comes up on this state of facts: Charlotte Stahel, in April, 1893, was compelled to and did pay a note for one thousand dollars on which she was the surety of her son, George C. Stahel. In 1916, Mrs. Stahel died intestate, and after her death one of her children brought a suit to settle her estate. In this suit it was charged, and stands admitted, that Mrs. Stahel paid, under the circumstances stated, the one thousand dollar note, and it was sought to set off this sum with interest from the date of its payment against the distributive share of George C. Stahel in the estate of his mother.

George C. Stahel for defense, relied alone on the statute of limitation in such cases made and provided, and the lower court held that the plea of the statute presented a good defense; and from that judgment this appeal is prosecuted by Emma Luscher, a daughter of Mrs. Stahel, who was plaintiff in the suit below.

It is admitted by counsel for Emma Luscher, the appellant, that as Mrs. Stahel paid this one thousand dollar note in the ordinary course of her liability as a surety, an action by her, if she were living, to recover the amount so paid from George C. Stahel, would be barred if it had been brought when this suit was begun. But it is said that in a suit to settle the estate of a person who dies intestate, or in the settlement of an estate without a suit, the statute of limitation does not run against a debt or demand due by one of the heirs or distributees to the intestate, and that there may be deducted at any time from the share of the estate to which the heir would be entitled the amount of the debt or demand due by him to the intestate at the time of her death.

So far as our investigation, which has been much aided by that of counsel in the case, goes, this question is a new one in this state, and curiously enough there are not many decisions of other courts directly in point.

If the sum paid by Mrs. Stahel for her son could be treated as an advancement, there could be no question that the son should be charged with it in the distribution of his mother's estate, because section 1407 of the Kentucky Statutes provides, in part that: "Any real or personal property or money, given or devised by a parent or grandparent to a descendant, shall be charged to the descendant or those claiming through him in the division and distribution of the undevised estate of the parent or grandparent; and such party shall receive nothing further therefrom until the other descendants are made proportionately equal with him, according to his descendible and distributable share of the whole estate, real and personal, devised and undevised."

There is, however, no contention that this indebtedness should be treated as an advancement within the meaning of the statute. On the contrary, it is affirmatively admitted that when Mrs. Stahel became liable as surety on the note of her son and afterwards was obliged to and did pay the note, the ordinary relation of creditor and debtor was thereby established between her and her

son and that she simply had a claim against him for the amount paid as his surety, the collection of which she might have enforced in the same manner that she could have enforced the collection of any other indebtedness.

There being then no attempt to treat the matter as an advancement, and no evidence in the record on this subject, as the case went off on demurrer, the question recurs, should the amount paid by the mother as surety, with interest thereon from date of payment, be deducted from the distributable share of George Stahel in the estate of his mother, although it was admittedly barred by the statute of limitation applicable to such demands, at the time of her death? Of course if this indebtedness had not been barred by the statute, there would be no difficulty in the way of setting it off against his distributable share.

Section 2514 of the Kentucky Statutes, fixing the period in which certain actions must be brought at 15 years from the date of their accrual, and section 2515, fixing five years as the time when certain actions must be brought after their accrual, are substantially the same in so far as the nature of the bar interposed by the statute is concerned, although a different period of time is fixed and the sections apply to different states of case: Joyce v. Joyce, 1 Bush 474. It is, therefore, not material which one should be applied here; and as the cause of action in Mrs. Stahel to recover the amount paid as surety accrued when she paid the debt, which was more than fifteen years before her death, we may, for the purposes of the case, look to section 2514, which provides, in part, that "Civil actions, other than those for the recovery of real property, shall be commenced within the following periods after the cause of action has accrued, and not after . . . . . . upon a bond or obligation for the payment of money or property, or for the performance of any undertaking, shall be commenced within fifteen years after the cause of action first accrued."

But the argument is made that this statute merely precludes the maintenance of an action for affirmative relief if it is not brought within the prescribed time, but does not operate to defeat the assertion of a claim by the estate of an intestate against a distributee for the purpose of defeating or reducing the right of the distributee to participate in the estate, because, as said by counsel for the estate, this character of relief is negative in its

nature and not embraced by the statute, which does not put an obstacle in the way of the estate's retaining at any time out of the share of a distributee a debt due by him to the estate.

We do not, however, find ourselves able to agree with counsel in the soundness of the distinction attempted to be made. If the estate of Mrs. Stahel had sought to collect by action from George Stahel the amount paid by his mother as surety, there could be no question about his right to plead and rely on the statute in bar of the action, and as he could defeat the collection of the demand by interposing the statute of limitation, there seems to be no good reason why he should not also be permitted to plead and rely on the statute when the attempt is made to collect the demand by deducting it from his share of the estate. So far as the rights of the estate and the rights of George Stahel are concerned, the collection of the demand by an independent action, or the collection of it by deducting the amount from his portion of the estate, would have precisely the same effect, as in either event the estate would get the money. It is, therefore, plain that if the distinction sought to be made applicable is controlling, the statute must be ignored, because it makes no distinction between the right to collect a demand due an estate by an independent action and the right to collect it by deducting the amount from the share of the estate going to the debtor.

It is said, however, that in Aultman & Taylor Co. v. Meade, 121 Ky. 241; Weakley v. Meriwether, 156 Ky. 304, and in other cases therein cited, this court has held that the statute of limitation can be successfully pleaded only to an action asserting affirmative relief and is not available as against a mere defensive plea.

But the cases in which this rule was announced presented states of fact in which it was sought to defeat by plea of limitation the right of the defendant to assert by way of counter-claim transactions connected with and growing out of the matter that was the basis of the suit, and the rule that in such cases the statute of limitation will not operate to bar the defense is well illustrated in the Meade case. There the Aultman & Taylor Co. had sold Meade a sawmill, and in a suit by the company to collect its debt, Meade set up as a defense the value of the sawmill that he alleged the company had taken possession of and converted to its own use. The company in-

terposed a plea of limitation to this defense, but the court held that the statute was not available, saying: "If such mortgagee, by virtue of his mortgage contract, and not as a tort-feasor, takes the mortgaged property to be applied upon the mortgage debt, is it not his agreement, as part of the mortgage contract, to so apply it? And if he fails to do so, is not that a matter purely of defense in a suit to recover the balance of the mortgage debt, as much as would be a plea of payment? We think it is. Having reached this conclusion, the disposal of the plea of limitation becomes simple."

But here there is no connection whatever between the claim of George Stahel to his distributive part of the estate and the demand asserted by the estate against him on account of the payment of the surety debt. These two matters are separate and distinct, not arising out of the same contract or transaction. In other words, the indebtedness sought to be deducted by the estate was in the nature of a set-off, and it has been held in Williams v. Gilchrist, 3 Bibb 49, and Hawthorn v. Roberts, Harding 75, that "a debt to be pleadable as a set-off must be a mutually subsisting debt at the time of bringing the suit. But a debt barred by the statute of limitation is not a subsisting debt and so cannot be pleaded as a set-off or given in evidence."

We are also referred to Brown's Admr. v. Mattingly, 91 Ky. 275, as sustaining the right of the estate to deduct this indebtedness, but this case, while it recognizes the right of an administrator to plead as a set-off a distributee's indebtedness to the estate against the distribute's interest therein, does not hold or even intimate that the right to plead the indebtedness as a set-off would be available if the debt due by the distributee were barred by limitation. Of course where the claim of the estate against the distributee is not barred by limitation and is a valid and subsisting debt against the distributee, there can be no doubt about the right of the estate to rely on the claim as a set-off against the distributee's interest.

It should, however, be said that the contention of counsel for the estate that the statute does not bar the right to deduct from the share of a distributee or legatee a debt due by him to the estate, is supported by Williams on Executors, vol. 2, page 619, where it is said: "An executor may retain so much of the legacy as is sufficient to satisfy a debt due from the legatee to the testa-

tor, although the remedy for such debt was at the time of the death of the testator barred by the statute of limitation.''

But this text, finds its principal support in English cases, although, as said by Woerner on American Law of Administration, 2nd ed., vol. 2, sec. 564, the same doctrine is held by some American courts, and he refers to the cases of Wilson v. Kelly, 16 S. C. 216; Holmes v. Mc-Pheeters, Adm. 149 Ind. 587; and Tinkham v. Smith, 56 Vt. (Palmer) 187. It should, however, be observed that in some of these states the subject is regulated by statute and in others the courts treated the indebtedness of the heir or legatee as an advancement.

But opposed to the English rule referred to by Williams on Executors is Allen v. Edwards, 136 Mass. 138, where the court held that a debt due from a legatee to the testator which was at the time of the testator's death barred by the statute of limitation could not be deducted from the legacy unless the language of the will clearly showed that the testator intended that such deduction should be made.

In Holt v. Libby, 80 Me. 329, the question was clearly presented to the court, and it was held that the executor could not deduct from a legacy a debt due by a legatee to the estate which was barred by limitation, the court saying: ''The estate is just as much of a debtor to the indebted legatee as the legatee is to the estate. Each has a legal right and remedy, and the statute-barred debt is not more recoverable by the estate than by any other creditor. To our minds this is the better doctrine.''

In the case of Light's Estate, 136 Pa. St. 211, the same rule was announced, the court saying: ''If the statute can be pleaded with effect when the decedent's estate is a debtor, we can see no good reason why it may not be pleaded also with like effect when the estate is a creditor; if the running of the statute should be stopped by the death in one case, why not in the other?

''There is no necessity arising out of the administration of the law, or the practice in equity, which calls for any such distinction; the legatees were as much entitled to the protection of the statute as any other creditor. Admitting the right of an executor, or of the heirs, in the distribution of a decedent's estate, to set off the debts of the legatees against their legacies, the debts, to con-

stitute a valid set-off, should be valid, subsisting debts, not barred by the statute."

In Richardson v. Keel, 77 Tenn. (9 Lea) 74, the court said: "We do not perceive the principle upon which it can be held that while suit upon the claim is barred by the statute so that there can be no judgment or recovery upon it, yet the administrator may appropriate the effects of the defendant, which he holds in trust for him, to the payment of the barred debt." To the same effect are Boden v. Mier, 71 Neb. 191; Kimball v. Scrobner, 174 N. Y. Sup. Ct. Rep. 845.

Having no statute in this state making any exception referable to claims asserted by an estate against a distributee, we are disposed to the view that the general statute of limitation is as applicable in this class of cases as it is in others. It may be true, as urged by counsel for the estate, that to allow George Stahel to get his full distributive share of the estate, while denying the estate the right to deduct his indebtedness, would be unjust to the other heirs and distributees; but if so the injustice was not worked by the law but by the failure of Mrs. Stahel to collect or attempt to collect her debt before it was barred by the statute, or to put it, as we may assume she might easily have done, in such form as that its life would have been extended. But at last there is no more injustice in allowing the statute to defeat a meritorious claim like this than there is in allowing it to defeat the collection of other just demands, as is often done.

The judgment is affirmed.