22276. STEPHENS, administratrix, *v.* STONE *et al.*

JENKINS, P. J. This was a suit on a promissory note executed by a principal debtor, who did not defend the action, and by the defendant's intestate as surety. The plea of the administrator set forth certain acts of the plaintiff which, it was alleged, increased the risk of the surety. It was alleged, in substance, that after the death of the surety the plaintiff stood by and saw the principal debtor, who was an heir at law of the surety, take charge of certain personalty, under agreement by the heirs, and waste the same, without apprising the heirs of her claim against the estate on the note. It appears that during this period the estate was unrepresented. It was further alleged that the plaintiff, through her agent, by representing to the other heirs of the intestate that all the debts of the intestate had been paid, without apprising them of the note sued on, induced the other heirs to purchase and pay for the share in the estate belonging to the principal debtor, thereby causing the risk and liability of the surety to be increased. The court struck these portions of the plea, on demurrer, and on the trial directed a verdict in favor of the plaintiff. *Held:*

1. "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him; a mere failure by the creditor to sue as soon as the law allows, or negligence to prosecute with vigor his legal remedies, unless for a consideration, will not release the surety." Civil Code (1910), § 3544. The failure of the plaintiff in the instant case to apprise the heirs at law of the deceased surety of the fact that she held the unpaid note, and to prosecute the claim against the then unrepresented estate, even though she may have known that pending such delay the personal property of the intestate had been turned over to the principal debtor and was being wasted by him, amounted to mere inaction on her part, and was not such a positive act causing injury to the surety as would operate as a release. *Williams* v. *Kennedy*, 134 *Ga.* 339, 345 (67 S. E. 821); *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148, 153 (91 S. E. 235).

(*a*) "An administrator is entitled to retain the share of an heir, in money derived from the sale of the realty belonging to the decedent's estate, in payment of a debt which the heir owes to the estate, as against, and in preference to, the claim of an assignee or purchaser from the heir." *Lester* v. *Toole*, 20 *Ga. App.* 381 (93 S. E. 55). Accordingly, the fact that the plaintiff, through her agent, might have induced the other heirs at law of the intestate surety to purchase the share of the principal debtor, also an heir at law, in the estate of the intestate, and pay him therefor, could not have operated to increase the risk of the surety on the note, although it may have resulted in damage to the other heirs at law who had purchased such share.

(*b*) Under the foregoing rulings, the court did not err in sustaining the demurrer to the defendant's answer.

2. In view of the explanatory note appended to the order of the judge overruling the motion for a new trial, from which it appears that the witness on account of whose absence a continuance was sought was beyond the limits of the State, and had not been subpœnaed, and that counsel for the defendant admitted that he had knowledge of the facts to which she would probably testify in ample time to take her interrogatories, it can not be said that the judge abused his discretion in overruling the motion to continue.

3. Since the execution of the instrument sued on was not denied, and the defense offered by the defendant administratrix as to the merits of the case was properly stricken, it was not error to direct a verdict in favor of the plaintiff.

4. The defendant administratrix in her plea alleged an insufficiency of the assets of the estate to pay the note sued on in full. Since the verdict directed by the court and the judgment entered were de bonis testatoris, and therefore amounted to a finding in favor of the defendant administratrix on the plea of plene administravit præter, and since it appears without dispute that the assets of the estate amounted to less than the amount of the principal of the note sued on and the accrued interest, it is unnecessary to determine whether a recovery on account of attorney's fees was authorized.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided November 8, 1932. Rehearing denied January 31, 1933.

*R. A. McGraw*, for plaintiff in error.   *N. F. Culpepper*, contra.