27067. COX *et al. v.* BRADY, administratrix.

DECIDED OCTOBER 17, 1938.

*R. A. Bell,* for plaintiffs.  *S. P. Cain,* for defendant.

SUTTON, J. The present case originated in the court of ordinary wherein the plaintiffs brought a proceeding against Mrs. B. Brady, as administratrix of the estate of W. F. Cox, deceased, for an accounting and proper distribution by the defendant of their shares in the estate of said W. F. Cox, twelve months having ex-

pired since her qualification as administratrix. The gist of the complaint was that the defendant had failed to pay them their proper share in the distribution of the estate, it being alleged that each was entitled to approximately $100, and that the defendant failed and refused to pay the same. The defendant answered, setting up that after deducting a reasonable sum for costs, expenses of settlement, and her commission, each distributee was entitled to $20.39 in addition to what had already been paid; that she held in her representative capacity notes of the deceased's children which the deceased intended should be charged against their respective shares in the settlement of the estate, although no provision was made in his will for the collection of the notes; that she had paid to each distributee his proper share, after making proper deduction, which was accepted with knowledge of all the facts; and that the plaintiffs were estopped from contending that they should receive an additional sum. Before introduction of any evidence, and in the absence of the jury, a ruling was invoked from the court as to whether or not a debt on which action was barred by the statute of limitations could be deducted by the administratrix from the share of a distributee under the will, the plaintiffs contending that an action on the note in question was barred by the statute of limitations and that the amount was not deductible over their protests, and the administratrix contending that she was justified, under the old common law of retainer, in making such a deduction, even though an action on the obligation was itself barred at the time of the death of the testator. The court ruled that the amount of a note was in such circumstances deductible, to which ruling the plaintiffs excepted. Thereafter the following evidence was introduced:

Levy Cox, one of the plaintiffs, testified that he and Offie Cox, the other plaintiff, had never consented for the administratrix to make any deduction from their shares in the estate. Mrs. B. Brady, the administratrix, testified that she did not pay the plaintiffs a full share, because of the fact that she deducted the amount of a note signed by them and turned over to her by her father, the testator, a few weeks before his death, along with other papers, the note being one made to J. D. Holman Company in Thomasville, the exact date of which she did not remember; that the note was a very old paper, and the due date would be shown by the note; that

the testator died in 1934; that she had the note in her possession, it being one which the plaintiffs gave to J. D. Holman Company and which was taken up by and transferred to the testator; that the testator told her a few weeks before he died, when he turned over to her this note, along with others of the other heirs and his other papers, that he was expecting all of the heirs to pay their obligations, but that he did not want them to have to pay any interest; that he was in failing health at the time; that the principal amount of the note, $199, represented in the aggregate what she deducted from the shares of the plaintiffs in settling with them, the amount they were seeking to recover in the present proceeding; that she made the deduction because she felt that she was carrying out her father's wishes as expressed at the time he turned over to her the notes and papers in the manner stated, because she thought they should pay this Holman note just like the other heirs were paying the notes they owed. It was admitted by the administratrix during the trial that W. F. Cox died testate, that his will was duly filed and probated, and that she was acting as administratrix with the will annexed in the administration of the estate. The defendant introduced in evidence, over the protest of the plaintiffs that the same showed on its face that action thereon was barred by the statute of limitations, a note for $199, executed by Levy Cox and Offie Cox, dated September 1, 1911, payable to J. D. Holman Company or order on November 1, 1911, bearing a blank indorsement of J. D. Holman Company. It was admitted by the plaintiffs that this note was in the custody of W. F. Cox for a great number of years before his death. Error was assigned on the admission of this note in evidence. At the conclusion of the introduction of evidence the court, on motion, directed a verdict in favor of the defendant, and judgment was entered accordingly. Error is assigned on the direction of the verdict, the plaintiffs in error contending that it was controlled by the erroneous rulings theretofore, on which error is also assigned.

The question here presented arises for the first time in this State, although, where the statute of limitations was not involved, it has been held by our appellate courts that the representative of an estate is entitled to retain the amount of a debt due by a distributee in making settlement with such distributee. *Lester* v. *Toole*, 20 *Ga. App.* 381 (93 S. E. 55) ; *Haley* v. *Partain*, 31 *Ga.*

*App.* 144 (120 S. E. 14); *Stephens* v. *Stone,* 46 *Ga. App.* 293 (167 S. E. 545); *Greenwood* v. *Greenwood,* 178 *Ga.* 605 (4) (173 S. E. 858). In *Lester* v. *Toole,* supra, George, J., speaking for the court, said: "The right and the duty of the administrator to apply the distributive share or interest of an heir in the personal estate of an intestate to the debts of the heir is based upon the doctrine of retainer, and not so much upon the right of set-off proper." In *Haley* v. *Parlain,* supra, the debtor was a legatee. Thus it is seen that no distinction is made between the right of an administrator and an executor to avail himself of the doctrine of retainer. This right of reduction from an amount due a distributee or legatee is generally recognized. Where, however, an action on a debt is subject to the plea of the statute of limitations, the courts of this country are not in harmony as to enforcing the right which is usually referred to as one of retainer. It was the rule of the old common law that a debt due by a distributee or legatee was deductible, whether or not barred by the statute of limitations. 11 R. C. L. 245, § 276. Some of the States have rejected the common-law rule, for one assigned reason or another. Some decisions proceed on the theory that as the legatee or distributee has the right to sue in a law court to recover his share, there is no more reason for denying his right to invoke the statute than in the case of one who is a stranger to the testate or intestate. In some instances much importance is attached to the consideration that such claims by the representative of the estate are covered by the dust of time, and, on the theory of repose, should be forgotten. Some courts deny the right of deduction, on the idea that the debt is no longer existing (a theory not entertained in this State), or that the doctrine of set-off should apply, and accordingly that the statute might come to the aid of the debtor. Some of these authorities are invoked by the plaintiffs' counsel, who also avers that the general rule is that the debt in the present case is not deductible. It would require undue exposition to specifically analyze the numerous authorities to demonstrate that the converse is true; but, for the elucidation of the student who might wish to pursue a minute examination, the following references will lead him to a vast number of cases where the question has been considered: Annotations in L. R. A. beginning on page 619, following *Luscher* v. Security Trust Co., 178 Ky. 593 (199 S. W. 613, L. R.

A. 1918C, 615) ; annotations in A. L. R. beginning on page 1007, following Wilson v. Channell, 102 Kan. 793 (175 Pac. 95, 1 A. L. R. 987) ; annotations in A. L. R. beginning on page 778, following Woods v. Knotts, 196 Iowa, 544 (194 N. W. 953, 30 A. L. R. 768) ; annotations in A. L. R. beginning on page 880, following Bruce v. Farrar, 156 Va. 542 (158 N. E. 856, 75 A. L. R. 872) ; annotations in A. L. R. beginning on page 1385, following Loverett v. Veatch, 268 Ky. 797 (105 S. W. (2d) 1052, 110 A. L. R. 1378). See also a good collection of cases In re Lindmeyer's Estate, 182 Minn. 607 (235 N. W. 377). In some of the cases the ruling was influenced by the fact that the testator in his will had directed that all debts due him by legatees be collected, but it may here be noted that, while no such intention was expressed in the will of the plaintiffs' testator, the testimony of the administratrix, his daughter, was that in handing her the note of the plaintiffs some weeks before his death, and while in failing health, he directed that such note, among other obligations, be collected after his death.

In general, it may be said that the right of deduction or retainer is upheld under the majority rule in this country under one of two theories: one, which may be regarded as a legal theory, that the legatee or distributee has assets of the estate in his hands which are applicable to the satisfaction of his claim; another, which may be classified as the equity theory, that he should not be permitted to receive his legacy or distributive share while holding a part of the fund out of which his and other legacies or distributive shares are to be paid. Nor are we disposed to reject the majority rule because, as pointed out by counsel for the plaintiffs, the statute in this State is one of repose, and that a presumption is indulged that the debt has been paid. The statute applies, however, not to the debt, but to the *remedy*. Even though the remedy be outlawed, the debt still subsists; and where the statute is not pleaded in an action on an obligation, and judgment is obtained against the defendant, the judgment may be enforced by execution, levy, and sale. Set-off, as to which the statute is applicable under the Code, § 3-708, is really, under the better view, not involved in a case like the present. The share available to a distributee or legatee and a debt due by him are not mutual debts. The share belonging to the heir or legatee does not arise from a debt of the intestate or testator, but represents a beneficent gratuity. So the act of the

representative of an estate in making the deduction in a case like the present is not a set-off, under the majority and, we think, the better view, but is the exercise of an equitable right of retainer.

From an examination of many authorities and the views expressed therein that the majority rule is that the amount of a debt due by a distributee or legatee may be retained against his distributive share or legacy, together with the views of a number of text-writers after careful investigation of the subject, we think it must be said that the majority rule is against the contention of the plaintiffs in the case sub judice; and as we think it represents the better view we align ourselves with it. In support of this rule we may appropriately quote from the recent case In re Lindmeyer's Estate, supra: "The weight of authority is to the effect that the amount of the outlawed debt may be applied by the representative of the estate in satisfaction of the amount to be paid to the distributee. This is upon the theory that the statute of limitations bars only the right of action, the remedy; and not the debt itself. Some of the courts place the rule or doctrine upon retainer, others on advancement, others on set-off or assets in the hands of the distributee, and others that the representative has an equitable lien on the share of the distributee until the latter discharges the obligation which he owes the estate. One line of authorities rests upon the theory of the law, and it is an equitable one, that the indebtedness of a distributee of the estate should be regarded as assets of the estate already in his hands, and that his legacy or share is to that extent satisfied. It is said that it would be grossly inequitable to allow such distributee to obtain his full share of an estate while he is withholding that portion of the same that is already in his hands. Indeed the distributee can not, in accordance with justice or good conscience, be entitled to be awarded and receive his share as long as he is a debtor to the estate and thereby has in his own hands a portion of the fund upon which the payment of his own share and the share of others depend. To permit the distributee to have such advantage would serve to diminish the fund and result perhaps to the prejudice of others. If he could receive his share and at the same time retain that portion of the fund in his hands out of which his share ought to be paid, it would probably result in his receiving a proportionately larger amount than other equally entitled distributees. The au-

thorities consider the statute of limitation as one of repose, and, as stated above, only a bar to the remedy, and not to the debt itself, simply leaving it unpaid without any legal remedy on the part of the creditor to enforce its payment by suit, in the event the debtor relies on the statute of limitation as a defense. But having the fund upon which the debt is a charge, there is no need of resorting to any remedy to enforce payment. Measured by moral standard and in accordance with good conscience, the debtor is still under obligation to pay his debt, although a recovery thereon under the law may be barred by the lapse of time. It is also to be noted that questions of this character usually arise among members of the same family, and it would seem that one should be reluctant to invoke the statute of limitation in family affairs wherein and among whom a moral obligation ought to be recognized. It seems but justice and good conscience that the distributee should not be permitted to receive anything out of the fund to be distributed without deducting therefrom the amount or portion of that fund which is already in his hands as a debtor to the estate. Perhaps the best theory for reaching the conclusion that we do is that the debt is already in the hands of the representative of the estate as assets collected by being deducted from the amount to be distributed. The right to make the deduction is usually termed a right of set-off, but that term is inaccurately used, the right being rather the right to pay out of a fund in hand than a right of set-off. Regardless of the reason given for the rule, it rests upon wholesome principles of right and justice, and we conclude that we should adopt the common-law rule which prevails in a majority of the States wherein the question has been considered."

While, as announced in the beginning of this opinion, the precise question here involved has not heretofore been passed on in this State, we think that the ruling in *Johnson* v. *Jones*, 54 *Ga. App.* 456 (2) (188 S. E. 279), lends support, in principle, to the view we entertain, that the debt of the plaintiffs in the present case was deductible. After ruling that "'The right of an executor to appropriate the distributive share of one of the heirs of an estate to the payment of debts due by the heir to the testator is superior to the lien of a judgment against the heir,'" it was held: "'The fact that the debtor legatee had become a bankrupt after the testator's death does not preclude the executor from retaining the

amount of the debt.' 24 C. J. 488, § 1317, note 39(b), and cit. 'The effect of a discharge is to release the personal liability only. It does not affect liens upon his property. If they are valid, under the laws of the State and the bankrupt act, they may be enforced after a discharge is granted.' 2 Loveland on Bankruptcy, 1343, § 749." Inasmuch as a lien exists in favor of the executrix, on the share of a legatee, as has already been ruled in this State, it would seem that the plaintiffs in the present case could occupy no better position, even where the statute of limitations is involved, than a debtor legatee who had been discharged in bankruptcy, but whose legacy was nevertheless subject to a deduction to the extent of his debt to the testator.

Finally, even if it could be said that the views here expressed do not really represent the majority rule in this country, we think they should control in the present case. Even conceding that the rule in England was the outgrowth of chancery decrees, because the distributee or legatee could not proceed in a court of law to collect his share, but was obliged to resort to the equity side of the law where the distributee's share might be awarded subject to conditions imposed by the chancellor, a consideration influencing some of the decisions on this question in this country, still, where the representative of an estate is not proceeding against a distributee or legatee, but is seeking to forestall collection by him of his share without a payment of his debt, why should not defensive equitable principles be brought into application either in a court of ordinary or a superior court? When such principles are applied, surely the debtor should not be allowed to fully participate in his share of an estate without paying into the estate, or suffering to be deducted from his share, the amount of a debt which he in good conscience and equity ought to account for. The court did not err in its ruling as to the right of the administratrix to deduct from the share of the debtor legatee the amount of a just debt due the estate or in admitting in evidence the note involved in the present case. No defense was set up against the note itself, it being contended only that its collection was barred by the statute of limitations. The note showed on its face that it was past due, and the administratrix testified that the testator, a few weeks before his death and while in ill health, handed it to her with direction that it, along with other obligations due him, be collected after his death. No issue

was made for a jury. The evidence demanded the verdict for the defendant, and the court did not err in so directing.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*