In re Estate of Ellen Yeazel, Deceased.
Chas. W. Fleming, Executor of Estate of Ellen Yeazel, Deceased, et al., Appellants, v. Clark Yeazel and Jesse Hight, Appellees.

Gen. No. 9,291.

Heard in this court at

642

the October term, 1941.
Opinion filed November 3, 1941.

W. T. Henderson, of Danville, and Francis G. Rearick, *guardian ad litem,* for appellants.

V. W. McIntire, of Danville, for appellees.

Mr. Justice Fulton delivered the opinion of the court.

The appellant Chas. W. Fleming, executor of the estate of Ellen Yeazel, deceased, filed his petition in the probate court of Vermilion county, asking that the amounts owing by two of the beneficiaries under the will be set off against their respective legacies. The plea of the statute of limitations was interposed on behalf of both beneficiaries since each note was payable more than ten years prior to the commencement of the action. The probate court held in favor of the petition but on appeal the circuit court allowed the defense. It is from this latter order that the present appeal is taken.

There is no disagreement about the facts. Ellen Yeazel died a resident of Vermilion county, Illinois, on January 11, 1939, leaving a last will and testament which was duly probated in said county on February 6, 1939.

After providing for the payment of debts and other bequests not in controversy, the will directed the executor to divide the money remaining in his hands into nine equal parts, of which one ninth was to be distributed to a son, Clark Yeazel, one ninth to a daughter, Ethel E. Matthews, one ninth to a foster son, Jesse Hight, and other distributions immaterial here to other beneficiaries.

The appellant, Chas. W. Fleming, was appointed executor and letters testamentary were issued to him. Ethel E. Matthews died intestate prior to the death

of her mother leaving as her children and heirs-at-law, Howard Matthews and Lawrence Matthews, appellants herein, whose interests are represented by a *guardian ad litem*. The will was dated October 27, 1927.

On July 23, 1926, Jesse Hight for value received, gave Ellen Yeazel his promissory note for two hundred dollars, with interest at the rate of 5 per cent per annum, payable to the order of the said Ellen Yeazel one year after date, and no payment of either principal or interest has ever been made thereon.

On June 2, 1924, Clark Yeazel for value received, gave Ellen Yeazel his promissory note for $1,185, with interest at the rate of 5 per cent per annum, payable to the order of said Ellen Yeazel, three years after date. Thereafter Clark Yeazel made an interest payment thereon, on June 2, 1926, in the amount of $118, and no further payment of either principal or interest has ever been made thereon.

The above facts were all set forth in the petition of the executor wherein he asked the probate court to deduct from the legacy to be paid to Jesse Hight the amount of his note and interest, and from the legacy to be paid to Clark Yeazel the balance of his note and interest. A plea of the statute of limitations was filed to this petition by both Jesse Hight and Clark Yeazel. The circuit court in reversing the order of the probate court held in effect, that both debtors were entitled to their respective legacies free of the obligations on said notes and that the statute of limitations was a complete defense.

The record on this appeal clearly presents one question, namely: "Whether an Executor can set off as against a legacy about to be distributed, a debt by the Legatee running in favor of the estate which has been barred by the ten year Statute of Limitations."

The cases in Illinois and from foreign jurisdictions appear to be in hopeless conflict over this identical question, and very eminent and respectable authority

is presented for the positions assumed by both the appellants and appellees on this appeal.

Some of the well-considered opinions in foreign jurisdictions which hold that the amount of the outlawed debt may be applied by the representative of the estate in satisfaction of the amount to be paid to the distributee, on the theory that the statute of limitations bars only the right of action, the remedy and not the debt itself; that the indebtedness of a distributee of the estate should be regarded as an asset of the estate already in the hands of the debtor, and that his legacy or share is to that extent satisfied, are *Holmes v. McPheeters*, 149 Ind. 587, 49 N. E. 452; *In re Estate of Lindmeyer*, 182 Minn. 607, 235 N. W. 377; *Frank v. Wareheim*, 177 Md. 43, 7 A. (2d) 186; *Cox v. Brady*, 58 Ga. App. 498, 199 S. E. 242.

Some leading texts announce the same or similar rules. Wood on Limitations, 4th ed. vol. 2, sec. 198. Schouler on Wills, 5th ed. vol. 2, sec. 1470. Woerner on Am. Law of Administration, 3rd ed. vol. 3, pp. 1927. The following Annotations state that the weight of authority supports such doctrine. 21 Am. Jur. sec. 457, A. L. R. vol. 110, page 1385.

Many leading cases in other States support the opposite rule which states that a statute barred debt is no more recoverable by an estate than any other creditor. *Allen v. Edwards*, 136 Mass. 138; *Holt v. Libby*, 80 Me. 329, 14 Atl. 201; *Boden v. Mier*, 71 Neb. 191, 98 N. W. 701; *In re Milne's Appeal*, 99 Pa. 483; *Luscher v. Security Trust Co.*, 178 Ky. 593, 199 S. W. 613; *In Re Schaeffer's Estate*, 53 Cal. App. 493, 200 Pac. 508.

The question does not seem to have been definitely concluded by the courts of Illinois. In the case of *Hesley v. Shaw*, 120 Ill. App. 92, the precise question at issue in this suit was decided by this court in an opinion which holds that the notes were barred by the statute of limitations and ordered the administrator to make distribution to the heirs without deducting from

the distributive shares of certain heirs the amounts due on notes which they owed the estate. The appellants contend that this case is illogical, against the weight of authority and should not be followed. There appears to be only one expression upon this question by our Supreme Court.

In *Jeffers v. Jeffers,* 139 Ill. 368, at page 376, the court said:

"It is undoubtedly true that where a legacy or bequest is left to the testator's debtor, the indebtedness may be taken out of the legacy, for the reason, as is said, 'the legatee's demand is in respect of the testator's assets, without which the executor is not liable, and therefore the legatee in such case is considered by a court of equity to have so much of the assets already in his hands as the debt amounts to, and consequently to be satisfied pro tanto.' (Toll. on Executors, 338.) It has also been held that an executor's right to deduct a debt due the testator from a legacy will not be defeated by showing the debt to be barred by the Statute of Limitations."

In *Esmond v. Esmond,* 154 Ill. App. 357, it was stated at page 360:

"Executors have the right, and it is their duty to retain a sum equal to the indebtedness of the distributee of an estate, and apply the same in payment thereof before paying any money on his distributive share. . . . They have that right even if the indebtedness is barred by the statute of limitations."

In *Pollock v. Cantlin,* 253 Ill. App. 229, the court approved and adopted the above quotation from the Esmond case as the law in Illinois.

We believe this question will not be conclusively settled in Illinois until our Supreme Court has passed upon a case directly in point. We hesitate to change or alter any decision of this court heretofore made but it is our opinion that the weight of authority and the better reasoned cases hold that an executor holding

notes of distributees is authorized to set such indebtedness off against the legacies of the debtors, even though the notes on their face are barred by the statute of limitations.

The judgment and decree of the circuit court is therefore reversed and the cause remanded with directions to affirm the order and judgment of the probate court of Vermilion county.

*Reversed and remanded with directions.*