# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01349-COA

**TIMOTHY KENNEDY**                                                                 **APPELLANT**

v.

**ESTATE OF THOMAS M. KENNEDY,**                                      **APPELLEE**
**DECEASED, THOMAS M. KENNEDY, JR.,**
**EXECUTOR**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/2013 |
| TRIAL JUDGE: | HON. SANFORD R. STECKLER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT THOMAS SCHWARTZ |
| | JEFFREY WARD BERTUCCI |
| ATTORNEY FOR APPELLEE: | CHARLIENE ROEMER |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | ORDERED HEIR TO REPAY THE ESTATE $91,700 IN OUTSTANDING DEBT BEFORE RECEIVING HIS ONE-SIXTH DISTRIBUTIVE SHARE |
| DISPOSITION: | AFFIRMED - 09/30/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     The executor of an estate has the right to recover any debt owed to the testator before

he died.  But the executor must do so within the applicable statute of limitations, which is *not*

tolled by the testator's death.  Here, Thomas Kennedy Jr., as executor of his father Thomas

Kennedy Sr.'s estate, sought repayment of a series of loans Thomas Sr. had made to his son

Timothy Kennedy, Thomas Jr.'s brother.  But by the time Thomas Jr. asserted the estate's

claim to repayment in the motion for first and final accounting and to close the estate, the

statute of limitations had run on half the loans. So the chancellor held that Timothy had to repay $91,700—the amount of the loans not barred by the statute of limitations—before he received his distributive share of the estate.

¶2. On appeal, Timothy argues he should not have to repay anything. As he sees it, his brother's motion in the estate matter did not stop the limitations period. Instead, Timothy insists the only way Thomas Jr. could have recovered the debt—and consequently stopped the running of the limitations period—was to file a separate legal action.

¶3. We disagree. Timothy was no mere debtor but rather an heir to the estate, properly brought into the estate matter through a waiver of service of process. And his outstanding debt to the estate directly related to the amount of his distributive share. So the estate matter was a proper place for Thomas Jr. to assert the estate's repayment claim. Because Thomas Jr. lodged this claim before the limitations period ran on half the loans, we agree with the chancellor that the estate could recover $91,700 in debt from Timothy before distributing him his share. Therefore, we affirm.

**Background Facts and Procedural History**

¶4. Thomas Sr.'s will directed his estate be divided into six equal parts—one part for each of his six children. The will also named his son Thomas Jr. as executor. In carrying out this role, Thomas Jr. noted his brother Timothy had not repaid a series of loans from his father. And Thomas Jr. argued his father's wishes to equally divide the estate could not be honored if Timothy refused to repay these loans.

¶5. A year and a half after Thomas Sr.'s estate had been opened, Thomas Jr. filed a motion for first and final accounting and to close the estate. In this motion, Thomas Jr.

2

requested that Timothy, before receiving his share, either repay the estate the $180,900 in outstanding debt or have his share of the estate reduced by this amount.[1] Timothy responded that the twenty checks their father had written him—ranging from $1,000 to $40,000—were not loans. But even if they were, Timothy argued the general three-year statute of limitations barred the estate from recovering repayment.

¶6.     At the time Thomas Jr. filed his motion for final accounting, more than three years had passed since Thomas Sr. had written half the checks to Timothy. And for the remaining checks written less than three years before, Timothy claimed that Thomas Jr.'s filing a motion in the estate matter was not sufficient to toll the limitations period. Instead, Timothy insisted only a separate legal action, filed in either circuit or county court, could have stopped the three-year limitations period from running. And since Thomas Jr. never filed a separate action, Timothy believed these loans were now likewise unrecoverable.

¶7.     The chancellor found the checks written to Timothy were loans. But the chancellor did agree with Timothy that, since these loans had no specific due date, the general three-year statute of limitations applied, running from the date each loan was made. Because the first action Thomas Jr. took to recover payment on these loans was the motion for final accounting, the chancellor used the date of that filing as the line of demarcation. So loans made more than three years before the motion was filed were barred from recovery, while those made less than three years earlier were recoverable. After crunching the numbers on

---

[1] Thomas Jr. had also claimed that Timothy had used their father's credit card to rack up almost $20,000 in charges, which Timothy should also be required to repay. The chancellor found Thomas Jr. could not support the credit-card claim with any evidence. And Thomas Jr. has not cross-appealed on this issue.

the nonbarred loans, the chancellor found $91,700 was still recoverable. Thus, he granted Thomas Jr.'s request and ordered Timothy to repay the estate $91,700 or have his share reduced by this amount.

¶8.     The chancellor certified his judgment as final under Mississippi Rule of Civil Procedure 54(b). And Timothy timely appealed.

**Discussion**

¶9.     On appeal, Timothy concedes the checks from his father were loans. But he maintains these debts were not recoverable in the estate matter. According to Timothy, the only way his brother as executor could have recouped the debts was by filing a separate legal action in circuit or county court. And because Thomas Jr. never did this, Timothy suggests recovery of *all* the loans—even those made less than three years before the motion for final accounting—is barred by the three-year statute of limitations.

¶10.    Thomas Jr., representing the estate on appeal, takes the opposite approach. While not filing a cross-appeal, he puts forth the same argument that he made before the chancellor— that none of the loans were barred by the statute of limitations. He relies on the old common-law principle that an estate always had the right to deduct an heir's debt, regardless of the running of the limitations period.

¶11.    Timothy's appeal raises the issue of application of the statute of limitations, which is a question of law that we must review de novo.[2] So we begin by discussing why—contrary to Thomas Jr.'s argument—the statute of limitations applied to Timothy's debt owed the

---

[2] *See Sarris v. Smith*, 782 So. 2d 721, 723 (¶6) (Miss. 2001).

estate and why the three-year clock began running the date each loan was made. We then explain why—contrary to Timothy's assertion—Thomas Jr.'s motion filed in the estate matter was sufficient to stop the running of the limitations period for those loans made less than three years earlier.

### I.     *Application of the Statute of Limitations to Timothy's Debts*

¶12.     "It was the the rule of the old common law that a debt due by a distributee or legatee was deductible, whether or not barred by the statute of limitations." *Cox v. Brady*, 199 S.E. 242, 244 (Ga. Ct. App. 1938). The reasoning behind this rule was "that the statute of limitations bars only the right of action[—]the remedy and not the debt itself[.]" *In re Yeazel's Estate*, 37 N.E.2d 568, 569 (Ill. App. Ct. 1941). So because the statute of limitations does not cancel out the debt itself, "the indebtedness of a distributee of the estate should be regarded as an asset of the estate already in the hands of the debtor, and . . . his legacy or share is to that extent satisfied[.]" *Id.*

¶13.     But by the first half of the last century, various states started to jettison this common-law rule, favoring instead the "opposite rule[,] which states that a statute barred debt is no more recoverable by an estate than any other creditor." *Id.* at 570; *see also Cox*, 199 S.E. at 244. While the Mississippi Supreme Court has never weighed in on this specific issue, the court has established the general rule "that where a cause of action arose during the lifetime of the person entitled to bring a suit, and no suit is brought during his lifetime, the running of the statute of limitations is not interrupted by the death of the party who has a right to

5

sue."[3] *Barrett v. Turner*, 229 So. 2d 563, 567 (Miss. 1969); *see also* Robert A. Weems, *Wills and Administration of Estates in Mississippi* § 2:39 (2003).

¶14.    After review, we see no reason why an heir's debt should be specially excepted from this rule.  If Thomas were a nonheir, there would be no question that the statute of limitations barred recovery for all loans made more than three years prior.  And we do not see how his status as an heir should alter the fact that at some point the recovery of his debts became time-barred.  Further, if the roles were reversed—for example, the estate was the debtor and Timothy the creditor—the estate would have been able to assert the statute of limitations as a defense to Timothy's recovery action.  *See Luscher v. Sec. Trust Co.*, 199 S.W. 613, 615 (Ky. Ct. App. 1918) (citation omitted) ("If the statute can be pleaded with effect when the decedent's estate is a debtor, we can see no good reason why it may not be pleaded also with like effect when the estate is a creditor[.]").

¶15.    Thus, we agree with the chancellor that the statute of limitations was an available defense against the estate's recovery of Timothy's debts.

### II.    *When the Statutory Periods Began to Run*

¶16.    This leads to our next two considerations—which statutory period applied and when did it begin to run.

¶17.    The chancellor found the multiple transactions between Thomas Sr. and Timothy were

---

[3]  A limited exception to this rule applies when the testator dies within the last year of the limitations period.  If that happens, Mississippi Code Annotated section 15-1-55 (Rev. 2012) extends the limitations period until one year following the testator's death.  While Thomas Sr. did die within the last year of some of the limitations periods, Thomas Jr. did not file his motion until nineteen months after his father's death, making section 15-1-55's tolling provision inapplicable.

loans, "with no written loan agreement or promissory note." The chancellor applied the general, catchall three-year limitations period, based on his finding no other specific limitations period seemed to fit. *See* Miss. Code Ann. § 15-1-49 (Rev. 2012). While there is a specific limitations period for "unwritten contracts," which is what these loans appear to be, the time period is the same as the general statute—three years. *Compare* Miss. Code Ann. § 15-1-29 (Rev. 2012) (action on unwritten contracts) *with* § 15-1-49 (all other actions); *see also Morgan v. Stevens*, 989 So. 2d 482, 484 (¶14) (Miss. Ct. App. 2008) (holding "[w]hether these claims [for loan repayments] were founded upon unwritten contracts, making them subject to the three-year limitations of section 15-1-29, or whether these claims fall within the general three-year limitations of section 15-1-49, the result is the same").

¶18. So the next question is—when did the three years begin to run? While finding these loans were not promissory notes, the chancellor applied the "general rule" from the promissory-note case *United States Fidelity & Guaranty Co. v. Krebs*, 190 So. 2d 857, 859-60 (Miss. 1966), that when no due date is specified on a note, but the note is instead payable on demand, the "demand notes become due and payable as of the date of execution, with no demand being necessary." Thus, the chancellor concluded that the three-year statute of limitations began to run on the day each loan was made.

¶19. While these loans were not payable-on-demand notes, we find no fault in the chancellor's reasoning by analogy. Though Thomas Jr. sufficiently supported his assertion that these payments were loans, he offered no evidence of *when* these loans had to be repaid. And with no later repayment date to point to, it makes sense that the only accrual date that can be applied is the date the loans were made.

7

### III.   No Separate Action Required

¶20.   By the time Thomas Jr. asserted the estate's claim to repayment of the debt, more than three years had passed since Thomas Sr. had written half of the twenty checks. So recovery of these ten loans is clearly barred by the running of the three-year statute of limitations. But the question remains—did Thomas Jr. take sufficient action to stop the running of the limitations period for the remaining ten checks?

¶21.   Timothy maintains his brother could not recover the debt in the estate matter but instead had to serve Timothy with process in a separately filed legal action. And because Thomas Jr. never filed a separate action, Timothy claims recovery of *all* the loans—even those made within less than three years from his brother's motion—is barred.

¶22.   Like the chancellor, we reject Timothy's argument that Thomas Jr. had to file a separate action. Timothy is not merely a debtor to the estate. He is also an heir. As such, he was brought into the estate matter through a waiver of service of process. Further, when he received a copy of his brother's motion requesting repayment of the loans, he immediately responded and demanded a hearing. So Timothy cannot claim he was not properly notified of the estate's claim.

¶23.   What is more, the issue of an heir's outstanding debt to the estate belongs to the estate matter.   In an old-but-still-valid opinion, *Anderson v. Gregg*, 44 Miss. 170, 178 (1870), the Mississippi Supreme Court held that, when "the distributees are debtors to the estate[,] there is no reason why their indebtedness should not be treated in the light of a set-off against their distributive share[.]"   Thus, Timothy's debt to the estate went straight to the issue of his distributive share. And because "equity will not permit litigation by fragments when it can

8

be avoided by bringing the whole matter into one suit," it was right for Thomas Jr. to raise this issue in the estate matter. Warner's Griffith, *Mississippi Chancery Practice*, § 36 (Rev. ed. 1991).

¶24.     Since we find the estate matter was a proper place for Thomas Jr. to assert the estate's claim to repayment, it necessarily follows that Thomas Jr.'s assertion of this claim, via the motion for final accounting, did in fact stop the running of the statute of limitations for the ten still-recoverable loans. *Cf. Hensley v. Shaw*, 120 Ill. App. 92, 100 (1905) (holding that the filing of a petition in a probate matter to recover an heir's debt was essentially the same as filing a legal action to recover the debt). No further action by Thomas Jr. was required.

¶25.     Therefore, we affirm the chancellor's judgment that recovery of the $91,700 in loans made within three years prior to Thomas Jr.'s motion was not barred by the statute of limitations and, thus, Timothy either had to repay the estate or have his distributive share decreased by this amount.

¶26.     **THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**