KING, C.J.,
for the Court.
¶ 1. Irvin Morgan, Jr., (Morgan) filed an action against Harry Stevens, Jr., (Harry) and Gayle J. Stevens (Gayle), collectively the Stevenses, seeking the collection of several delinquent loans. The Clay County Circuit Court held the action was barred by the statute of limitations and granted summary judgment to the Ste-venses. Aggrieved by this action, Morgan appeals and asserts that the trial court (1) applied the incorrect statute of limitations and (2) should have compelled discovery. This Court finds that the proper statute of limitations was applied and, therefore, affirms the grant of summary judgment.
STATEMENT OF THE FACTS
¶ 2. Harry had been Morgan’s accountant for more than twenty years. Gayle was married to Morgan from 1964 to 1984. After their divorce, Gayle married Harry. Their divorce notwithstanding, Morgan and Gayle continued a congenial relationship.
¶ 3. From about 1990, Harry owned the Lincoln Furniture Company in West Point, Mississippi. His ownership continued until the corporation was administratively dissolved by the Secretary of State in December 2001. Harry and Gayle both served as administrative officers of the Lincoln Furniture Company.
¶ 4. Morgan alleges that from about November 1992 to January 1998, he made *483 several loans to Harry, presuming these loans were being used by Lincoln Furniture Company. These loans totaled $141,000. The dates, loan amounts, applicable interest rates, and the form of the various loan proceeds are as follows:
Date Percentage of Interest Method of Payment Amount Loaned
November 27,1992 @ 8 percent Cash $ 46,000
September 29,1994 @ 8 percent Check payable to Lincoln Furniture Co. $ 15,000
September 27,1995 @ 8 percent Check payable to Gayle Morgan Stevens (Deposited into Lincoln Furniture Co. bank account) $ 10,000
January 23,1998 @ 7 percent Check payable to Gayle J. Stevens (Deposited into joint checking account of defendants) $ 30,000
January 23,1998 @ 7 percent Check payable to Gayle J. Stevens (Deposited into joint checking account of defendants) $ 40,000
Total Amount of Principal Loan $141,000
¶ 5. There were no contracts, promissory notes, or other formal promises of obligation executed by either of the Stevenses for these loans. However, Morgan testified that he memorialized each loan by noting the amount of the loan, the rate of interest, and the check number (if applicable); Morgan stated that Gayle signed his record of the loans, thereby creating a demand note. Morgan also testified that recap sheets of the loan amounts, payments, and current balance were signed and initialed by Gayle acknowledging the debt and the accuracy of the recap sheet.
¶ 6. Morgan asserts that the defendants only made payments totaling $19,879 toward the debt accrued. The last payment made by the defendants was $300 in March 2001. When Morgan filed suit, he alleged that the unpaid balance of the principal and the accumulated interest was in excess of $227,921.04.
¶ 7. Morgan testified that in July 2002, he prepared a recap sheet of the loans and requested that Harry begin making payments. No payments were made on the loans, and on January 20, 2005, Morgan filed a complaint against the Stevenses alleging the failure to honor a demand note, fraud, and breach of a fiduciary duty.
¶ 8. On March 1, 2005, Harry filed a motion for summary judgment, arguing that Morgan’s claims were barred by all relevant statutes of limitations. On March 17, 2005, Gayle also filed a motion for summary judgment, alleging that the claims were barred by the statute of limitations. On September 29, 2005, Gayle filed a supplemental motion for summary judgment. Morgan contended that his claims were not barred because the loans were governed by the six-year statute of limitations found in Mississippi Code Annotated section 75 — 3—118(b) (Rev.2002), relating to demand notes under the Uniform Commercial Code.
¶ 9. By order dated April 10, 2007, the trial judge granted summary judgment on all claims, holding that each claim was subject to the three-year statute of limitations, and that more than three years had passed since the last payment by the Ste-venses and the filing of suit by Morgan.
*484 DISCUSSION
I. Whether the trial court erred in granting summary judgment in favor of the Stevenses based on the application of a three-year statute of limitations.
¶ 10. Morgan contends that the dishon- or of a written demand note is governed by Mississippi Code Annotated 75-3-118(b), the Uniform Commercial Code, which provides a six-year statute of limitations, and not by section 15-1-29 (Rev. 2003), covering open accounts and unwritten contracts, or section 15-1-49 (Rev. 2003), the general statute of limitations, both of which provide for a three-year period of limitations.
¶ 11. Chapter 3 of the Uniform Commercial Code, of which section 7"5 — 3—118(b) is a part, applies only to negotiable instruments. Therefore, it is necessary that this Court first determine whether the memo-randa referred to by Morgan meet the requirements for recognition as a negotiable instrument. Section 75-3-104 provides that an instrument is negotiable if it: (1) contains an unconditional promise to pay a fixed amount, (2) is payable to the bearer or to order, (3) is payable at a definite time or on demand, and (4) contains no other undertaking or instruction. Miss.Code Ann. § 75-3-104(a)(l)-(3) (Rev.2002).
¶ 12. The recap statements prepared by Morgan do not satisfy the definition of a negotiable instrument. First, there was no written document that contained an unconditional promise by the Stevenses to pay Morgan. The documents provided by Morgan as evidence of the Stevenses’ indebtedness consisted of cancelled checks from him to either Gayle or Lincoln Furniture Company, with each check containing the notation of a loan; deposit slips showing money being deposited into the Lincoln Furniture Company account; and handwritten notations by Morgan which purport to reflect loans to Gayle or Lincoln Furniture Company. Second, with the exception of the cheeks written by Morgan to either Gayle or Lincoln Furniture Company, none of the documents that Morgan alleges to comprise a written demand note contain the words “payable to bearer” or “payable to order.”
¶ 13. Lacking these things, Morgan’s claims were not claims upon negotiable instruments so as to be governed by the Uniform Commercial Code and covered under the six-year statute of limitations pursuant to section 75 — 3—118(b).
¶ 14. The trial court appropriately found that these claims were subject to a three-year statute of limitations. Whether these claims were founded upon unwritten contracts, making them subject to the three-year limitations of section 15-1-29, or whether these claims fall within the general three-year limitations of section 15-1-49, the result is the same. The last payment made upon these loans was in March 2001. The action to collect on these delinquent loans was filed in January 2005. The action to collect on these delinquent loans was filed approximately three years and ten months from the date of default. The fact that Morgan was fully aware that no payments were being made on these delinquent loans between March 2001 and January 2005 is beyond debate. Thus, the claims are time-barred.
¶ 15. This issue is without merit.
II. Whether the trial court abused its discretion in denying Morgan’s motion to compel.
¶ 16. Having determined that this action was barred by the three-year statute of limitations and, therefore, appropriately dismissed, this Court finds that the failure to compel discovery to be a moot issue.
*485 ¶ 17. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.